1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| ROBERT HALF INTERNATIONAL, INC., a Delaware corporation, | CASE NO. 14-CV-2481-WQH (DHB) |
| Plaintiff, | ORDER |
| vs. | |
| ERIC SHANE AINSWORTH, an individual; LISA LYNN ALDAVA, an individual; SERENA MAI GREENWOOD, an individual; RUBEN D. HERNANDEZ, an individual; DEANA H. SCHWEITZER, an individual; CATHERINE S. SHERMAN, an individual; and DOES 1 through 20, | |
| Defendants. | |

11
12
13
14
15
16
17
18

19 HAYES, Judge:

20        The matter before the Court is the Motion to Dismiss Complaint for Failure to

21 State a Claim filed by all Defendants.  (ECF No. 6).

22 **I. Background**

23        On September 23, 2014, Plaintiff Robert Half International Inc. ("RHI")

24 commenced this action by filing a Complaint in San Diego County Superior Court.

25 (ECF No. 1-1).  On October 17, 2014, Defendants Eric Ainsworth, Lisa Aldava, Serena

26 Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman removed

27 the action to this Court on the basis of federal question jurisdiction.  (ECF No. 1).  On

28 October 23, 2014, Defendants filed the Motion to Dismiss Complaint for Failure to

State a Claim, seeking dismissal of Plaintiff's first, second, sixth, eighth, ninth, tenth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and twenty-second claims for relief.  (ECF No. 6).  On November 10, 2014, Plaintiff filed an opposition. (ECF No. 7).  On November 17, 2014, Defendants filed a reply.  (ECF No. 9).

**II.  Allegations of the Complaint**

"RHI is a professional staffing services firm founded in 1948, specializing in recruiting and placing temporary and permanent employees with clients or customers of RHI.  RHI has branch offices located throughout North America, including in California."  (ECF No. 1-1 at 8).  "RHI's success as an industry leader and its competitive advantage are directly related to its ability to hire, train, develop, and retain top talent in whom it invests significant resources and who are entrusted with key confidential business information, including RHI's procedures, financial and personnel plans, objectives and strategies, compensation and bonus structures, training platforms and technology, and information about existing and prospective clients, candidates, and employees."  *Id.*  "RHI expends considerable time and resources in these efforts, which provides RHI with a distinct competitive advantage."  *Id.*

"RHI also expends much effort to maintain and cultivate its existing client and candidate relationships and to develop new relationships.  To keep its competitive advantage, RHI invests substantial time, effort, and expense into organizing, analyzing, using, and maintaining confidential and proprietary business information.  All of the Defendants had access to this information, including RHI's valuable database, the tool that RHI uses to successfully operate its business and to maintain its competitive advantage over competitors and others."  *Id.*

"As a result, as a condition of their employment, RHI requires its employees to sign documents to safeguard RHI's confidential business and personnel information, which create a duty not to disclose or use this information outside of their employment with RHI, including after the termination of their employment."  *Id.*  "RHI also enters into employment agreements with its employees, including each of the defendants here,

1  which prohibit former RHI employees from using RHI's name and their prior

2  employment experience at RHI to market a competing business." *Id.*

3      Defendants each signed employment agreements with RHI that prohibited them

4  from "render[ing] services to or enter[ing] into the employment of any person, firm,

5  corporation or other business entity other than one of the RHI Companies without the

6  Employer's written consent." *Id.* at 12.  The employment agreements also prohibited

7  Defendants from using "confidential information ... including, without limitation,

8  information with respect to the name, address, contact persons or requirements of any

9  customer, client, applicant, candidate or employee of any of the RHI Companies ... and

10 information with respect to the procedures advertising, finances, organization,

11 personnel, plans, objectives or strategies of the RHI Companies." *Id.* at 12-13.  The

12 employment agreements further provide at Paragraph Eleven: "Employee agrees that

13 Employee shall not, directly or indirectly, Solicit any Other Employee to either leave

14 the employ of the RHI Companies or to become connected in any way with any

15 Competitor." *Id.* at 13.  Paragraph Thirteen of the employment agreements provides:

16
17   After termination of Employee's employment with Employer, Employee
     shall not indicate on any stationary, business card, advertising, solicitation
18   or other business materials that Employee is or was formerly an employee
     of Employer, any of its divisions, or any of the RHI Companies except in
19   the bona fide submission of resumes and the filling out of applications in
     the course of seeking employment.

20 *Id.* at 14.  The employment agreements further provide that Paragraphs Eleven and

21 Thirteen are "'reasonable and necessary in order to protect and maintain the proprietary

22 and other legitimate business interests' of RHI and that these restrictions would not

23 prevent them from earning a livelihood." *Id.*

24  **A.  The La Jolla Office**

25      On or about July 25, 2014, Defendants Aldava, Greenwood, and Sherman

26 resigned from their employment with RHI's La Jolla Office and joined Ledgent

27 Staffing, a subsidiary of Plaintiff's competitor, Roth Staffing Companies, L.P. ("Roth").

28 "Aldava coordinated the group defection and used RHI's confidential business

information to assist Ledgent in making successful offers of employment to Greenwood and Sherman." *Id.* at 9. On her last day, Defendant Aldava "admitted that she had contacted almost every one of RHI's clients and candidates she had worked with to tell them that she was leaving." *Id.* Defendant Aldava falsely told a representative of the La Jolla Office's biggest client that "RHI had instructed Aldava that her Permanent Services group should not perform any more work for that client and that RHI was no longer interested in doing business with that client." *Id.* Defendants Aldava, Sherman, and Greenwood have continued to call clients and candidates with whom they worked at RHI to obtain business for Ledgent.

In the month prior to their resignations, Defendants Aldava, Sherman, and Greenwood took excessive time off. Following their resignations, RHI received emails on Defendant Aldava, Sherman, and Greenwood's former email accounts from candidates seeking positions with RHI's clients.

**B. The Carlsbad Office**

On or about February 28, 2014, Defendant Ainsworth resigned from RHI's Carlsbad Office to join Ultimate Staffing, a subsidiary of Roth. "Ainsworth exploited RHI's confidential information after leaving RHI to benefit Ultimate Staffing. Ainsworth has unfairly and illegally solicited numerous current clients that Ainsworth met through RHI." *Id.* at 10.

> In the months after he left, for example, Ainsworth pretended he still worked for RHI to deceive clients into doing business with him and Ultimate Staffing. Ainsworth contacted an RHI client to check the status of a candidate he had placed on behalf of RHI. When the client mentioned that another replacement was needed to be hired, Ainsworth took on the assignment to fill that position, all without telling the client that he no longer worked for RHI. A few days later, the client learned of the deception during a conversation with the RHI contact who had replaced Ainsworth, and expressed shock and surprise about Ainsworth's misrepresentations.

*Id.* at 10-11. "Ainsworth has exploited RHI's name and goodwill to boost his business. He advertises his RHI experience and the awards he received from RHI on LinkedIn, and he solicits RHI candidates to view his page and recommend his services, all in

violation of his contract." *Id.* at 11. "Ainsworth has also continued soliciting RHI's clients using RHI's confidential business information to gain an unfair competitive advantage. At least two RHI clients are now working with Ainsworth on behalf of Ultimate Staffing, as he, upon information and belief, was able to exploit his knowledge of RHI's confidential and proprietary business information to craft his offers to the clients." *Id.* "Ainsworth has also sent blast solicitation e-mails to RHI's temporary employee lists, in violation of his contract and the law." *Id.*

On or about March 24, 2014, Defendant Hernandez resigned from RHI to join Ultimate Staffing. "He too continues to advertise his RHI experience on LinkedIn to gain business for Ultimate Staffing." *Id.* "Over the course of his employment with RHI, Hernandez printed a lot of RHI's confidential business materials and put them in a training binder. That binder has not been seen at RHI's Carlsbad office since Hernandez left." *Id.*

Defendants Ainsworth and Hernandez have attempted to solicit a current RHI employee, Danielle Healis.

**C. The Orange Office**

In July 2014, Defendant Schweitzer resigned from RHI to work at Ledgent. Defendant Schweitzer has contacted and attempted to solicit business from an RHI client without disclosing that she no longer worked for RHI. "Schweitzer's LinkedIn profile also represents that she is currently employed by both Ledgent and RHI." *Id.* at 12.

Plaintiff asserts twenty-two claims for relief: (1) breach of fiduciary duty against Defendant Aldava; (2) breach of written contract against Defendant Aldava; (3) breach of the implied covenant of good faith and fair dealing against Defendant Aldava; (4) tortious interference with contract against Defendant Aldava; (5) tortious interference with prospective economic advantage against Defendant Aldava; (6) tortious interference with prospective economic advantage against Defendant Aldava; (7) violation of the Lanham Act, 15 U.S.C. section 1125, against Defendant Ainsworth; (8)

breach of written contract against Defendant Ainsworth; (9) breach of the implied covenant of good faith and fair dealing against Defendant Ainsworth; (10) tortious interference with prospective economic advantage against Defendant Ainsworth; (11) violation of the Lanham Act, 15 U.S.C. section 1125, against Defendant Schweitzer; (12) breach of written contract against Defendant Schweitzer; (13) breach of the implied covenant of good faith and fair dealing against Defendant Schweitzer; (14) breach of written contract against Defendant Hernandez; (15) breach of the implied covenant of good faith and fair dealing against Defendant Hernandez; (16) breach of fiduciary duty against Defendant Sherman; (17) breach of written contract against Defendant Sherman; (18) breach of the implied covenant of good faith and fair dealing against Defendant Sherman; (19) breach of written contract against Defendant Greenwood; (20) breach of the implied covenant of good faith and fair dealing against Defendant Greenwood; (21) violation of California Business & Professions Code sections 17200 *et seq.* ("UCL") against all Defendants; and (22) unfair competition against all Defendants.

Plaintiff requests restitution, compensatory damages, consequential damages, punitive damages, exemplary damages, injunctive relief, prejudgement interest, attorneys' fees, and costs.

## III.  12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

**IV. Discussion**

Defendants seek dismissal of Plaintiff's second, eighth, twelfth, fourteenth, and seventeenth claims for breach of written contract and Plaintiff's ninth, thirteenth, fifteenth, and eighteenth claims for breach of the implied covenant of good faith and fair dealing on the grounds that these claims seek to enforce Paragraph Thirteen of Defendants' employment agreements. Defendants contend that Paragraph Thirteen is a covenant not to compete that is void under California Business & Professions Code section 16600. Defendants seek dismissal of Plaintiff's first (breach of fiduciary duty against Defendant Aldava), sixth (tortious interference with prospective economic advantage against Defendant Aldava), tenth (tortious interference with prospective economic advantage against Defendant Ainsworth), and sixteenth (breach of fiduciary duty against Defendant Sherman) claims on the grounds that they are displaced by California's Uniform Trade Secrets Act ("CUTSA"). Defendants seek dismissal of

1   Plaintiff's twenty-second claim for unfair competition on the ground that it is

2   duplicative of Plaintiff's twenty-first claim for violation of the UCL.

3       **A. Enforceability of Paragraph Thirteen**

4       The Complaint alleges that Paragraph Thirteen of Defendants' employment

5   agreements provides:

6       Wrongful Use of Employer's Name.  After termination of Employee's
    employment with Employer, **Employee shall not indicate on any**
7   **stationary, business card, advertising, solicitation or other business**
    **materials that Employee is or was formerly an employee of Employer,**
8   **any of its divisions, or any of the RHI Companies except in the bona**
    **fide submission of resumes and the filling out of applications in the**
9   **course of seeking employment.**  The provisions of this Section shall
    survive termination of either Employee's employment or this Agreement
10  for any reason.

11  (ECF No. 1-1 at 14) (emphasis in original); *see also id.* at 39, 47, 56, 65, 73, 81.

12      Defendants contend that this provision is void under California Business &

13  Professions Code section 16600 because it is a "limitation on Defendants' ability to

14  work post employment with the plaintiff." (ECF No. 6-1 at 4). Defendants contend that

15  their background and experience is a "fundamental sales tool," and taking away their

16  ability to use it is "an unlawful limitation on their ability to practice their vocation...."

17  *Id.*   Defendants contend that Plaintiff's second, eight, twelfth, fourteenth, and

18  seventeenth claims for breach of written contract and Plaintiff's ninth, thirteenth,

19  fifteenth, and eighteenth claims for bad faith are not actionable "to the extent they seek

20  to enforce an unlawful restraint on trade." *Id.* at 5.

21      Plaintiff contends that the motion to dismiss should be denied because

22  Defendants' contentions, if accepted, would not dispose of these claims in their entirety.

23  Plaintiff contends that Paragraph Thirteen is not void under California Business &

24  Professions Code section 16600 because it only limits Defendants from "exploiting

25  their prior connections with RHI in stationary, business cards, advertising, solicitation,

26  or other business materials to compete with RHI—in other words, using RHI's own

27  name and brand to compete with RHI." (ECF No. 7 at 10).  Plaintiff contends that its

28  concern with using RHI's brand is legitimate because "at least two of the individual

1   Defendants misrepresented themselves and continued to hold themselves out as RHI

2   employees." *Id.*  Plaintiff contends that Defendant has cited no case law to support its

3   argument that Paragraph Thirteen is unenforceable.

4        Section 16600 provides: "Except as provided in this chapter, every contract by

5   which anyone is restrained from engaging in a lawful profession, trade, or business of

6   any kind is to that extent void."  Cal. Bus. & Prof. Code § 16600.  "Under the statute's

7   plain meaning, therefore, an employer cannot by contract restrain a former employee

8   from engaging in his or her profession, trade, or business unless the agreement falls

9   within one of the exceptions to the rule." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th

10  937, 946 (2008).  "Today in California, covenants not to compete are void, subject to"

11  exceptions provided by sections 16601, 16602, and 16602.5 (non-competition

12  agreements in the sale or dissolution of corporations, partnerships, and limited liability

13  corporations, respectively). *Id.* at 945-46.  The Ninth Circuit recognizes a trade secret

14  exception to section 16600. *See Asset Marketing Sys., Inc. v. Gagnon*, 542 F.3d 748,

15  758 (9th Cir. 2008) ("Under California law, non-competition agreements are

16  unenforceable unless necessary to protect an employer's trade secret.").  "California

17  courts 'have been clear in their expression that section 16600 represents a strong public

18  policy of the state which should not be diluted by judicial fiat.'" *Edwards*, 44 Cal. 4th

19  at 950 (citing *Scott v. Snelling and Snelling, Inc.*, 732 F. Supp. 1034 (N.D. Cal. 1990)).

20  Restraints are unlawful whether or not they are "unreasonable" or "overbroad." *Id.* at

21  951.

22       In this case, the Complaint incorporates by reference and attaches the

23  employment agreements as exhibits.  Paragraph Thirteen of the employment agreements

24  provides:

25       After termination of Employee's employment with Employer, Employee
         shall not indicate on any stationary, business card, advertising, solicitation
26       or other business materials that Employee is or was formerly an employee
         of Employer, any of its divisions, or any of the RHI Companies except in
27       the bona fide submission of resumes and the filling out of applications in
         the course of seeking employment.
28

*See* ECF No. 1-1 at 39.  Paragraph Fourteen of the employment agreements provides, in relevant part:

> In view of Employee's access to confidential information and trade secrets and in consideration of the value of such property to Employer and the other RHI Companies, Employee expressly acknowledges that the covenants set forth in Sections 9, 10, 11, and 13 are reasonable and necessary in order to protect and maintain the proprietary and other legitimate business interests of Employer and the other RHI Companies, and that the enforcement thereof would not prevent Employee from earning a livelihood.

*See id.*  Plaintiff's second, eighth, twelfth, fourteenth, and seventeenth claims for breach of written contract allege that Defendants Aldava, Ainsworth, Schweitzer, Hernandez, and Sherman "breached Paragraph 13 by touting [their] RHI experience and background for [their] new employer[s'] benefit."  *Id.* at 16, 21, 25, 27.    Plaintiff's ninth, thirteenth, fifteenth, and eighteenth claims incorporate the allegations of Plaintiff's eighth, twelfth, fourteenth, and seventeenth claims and allege that Defendants Ainsworth, Schweitzer, Hernandez, and Sherman breached the implied covenant of good faith and fair dealing.

Each of these claims seek, among other things, to hold Defendants liable for "touting [their] RHI experience and background for [their] new employer[s'] benefit" or "purporting to still work for RHI while soliciting business from an RHI client with which [they] had worked while employed by RHI" in violation of Paragraph Thirteen. Paragraph Thirteen of the employment agreements, by its terms, places some restriction on Defendants' practicing their profession after terminating employment with RHI.  The Court finds that the Complaint fails to allege sufficient facts "plausibly suggestive of a claim entitling the plaintiff to relief" for breach of Paragraph 13, i.e., facts showing that Paragraph 13 is enforceable.  *Moss*, 572 F.3d at 969; *see also Global Private Funding, Inc. v. Empyrean West, LLC*, No. CV 13-04622, 2014 WL 4542398, at * 5 (C.D. Cal. Sept. 11, 2014) ("[A]s Defendants point out, California law disfavors covenants not to compete and only allows them in specific situations.  Plaintiff must allege more facts regarding the alleged breach and how the agreement itself is

1    enforceable under California law.") (citing *Edwards*, 44 Cal. 4th at 945-46); *Farmers*

2    *Ins. Exch. v. Steele Ins. Agency, Inc.*, No. 2:13-cv-00784, 2013 WL 3872950, at *13

3    (E.D. Cal. July 25, 2013) (finding that the plaintiffs had alleged sufficient facts to

4    demonstrate that the non-solicitation provisions of an employment contract were

5    enforceable under the trade secret exception because the plaintiffs "have pled facts

6    adequate to establish a claim for misappropriation of trade secrets").  Defendants'

7    motion to dismiss Plaintiff's second, eighth, ninth, twelfth, thirteenth, fourteenth,

8    fifteenth, seventeenth, and eighteenth claims for breaches of contract and breaches of

9    the implied covenant of good faith and fair dealing is granted to the extent these claims

10   seek to enforce Paragraph Thirteen of the Employment Agreements.

11          **B.  Displacement by the CUTSA**

12          Defendants contend that Plaintiff's first (breach of fiduciary duty against

13   Defendant Aldava), sixth (tortious interference with prospective economic advantage

14   against Defendant Aldava), tenth (tortious interference with prospective economic

15   advantage against Defendant Ainsworth), and sixteenth (breach of fiduciary duty

16   against Defendant Sherman) claims on the grounds that they are preempted (or

17   superseded or displaced) by the CUTSA.  Defendants contend that these claims are

18   clearly preempted to the extent they are based on Defendant's alleged use of trade secret

19   information.  Defendants contend that these claims are not actionable to the extent

20   Plaintiff seeks to hold Defendants liable for using information that is not a trade secret.

21   Plaintiff contends that these claims are not based on trade secret misappropriation.

22   Plaintiff contends that claims based on misuse of confidential and proprietary

23   information are actionable and not preempted by the CUTSA.  Plaintiff contends that

24   these claims should not be dismissed because they allege wrongdoing independent of

25   misuse of proprietary and confidential information, such as Defendant Aldava spending

26   large amounts of time away from the office while still employed.  Finally, Plaintiff

27   contends that the issue of displacement by the CUTSA is not properly resolved on a

28   motion to dismiss filed before the commencement of discovery.

The CUTSA provides for various remedies for the misappropriation of trade secrets.  *See* Cal. Civ. Code §§ 3426.2-3526.4.  "Misappropriation" is defined as follows:

> (1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (2) Disclosure or use of a trade secret of another without express or implied consent by a person who:
>
> (A) Used improper means to acquire knowledge of the trade secret; or
>
> (B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:
>
> (I) Derived from or through a person who had utilized improper means to acquire it;
>
> (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>
> (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>
> (C) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Cal. Civ. Code § 3426.1(b).  "Trade secret" is defined as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Cal. Civ. Code § 3426.1(d).

"At least as to common law trade secret misappropriation claims, 'UTSA occupies the field in California.'"  *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 954 (2009) (quoting *Acculmage Diagnostics Corp. v. Teraecon, Inc.*, 260 F. Supp. 2d 941, 953 (N.D. Cal. 2003)).  The CUTSA

contains two clauses related to displacement:[1] "(a) [e]xcept as otherwise expressly provided, this title does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets ... (b) [t]his title does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(a)-(b). "[S]ection 3426.7, subdivision (b), preempts common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'" *K.C. Multimedia*, 171 Cal. App. 4th at 958 (quoting *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005)). A common law tort claim does not survive CUTSA preemption merely because it seeks "'something more' than trade secret relief." *K.C. Multimedia*, 171 Cal. App. 4th at 958. "[T]he determination of whether a claim is based on trade secret misappropriation is largely factual." *Id.* at 954 (comparing allegations of the causes of action in the operative complaint and concluding that causes of action for breach of confidence, interference with contract, and common law unfair competition were displaced because the wrongful conduct alleged involved the same nucleus of operative fact as a trade secret misappropriation claim). Common law tort claims are displaced by the CUTSA where they are either "based upon misappropriation of a trade secret ... or they are based upon no legally significant events at all." *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010). In other words, common law tort claims are displaced by the CUTSA where they "do not genuinely allege 'alternative legal theories' but are a transparent attempt to evade the strictures of CUTSA by restating a trade secrets claim as something else." *Id.* at 240. A common law tort claim is not displaced by the CUTSA where the alleged wrongdoing "is not based on the existence of a trade secret." *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 508 (2013) (holding that

---

[1] The Court uses the term "displacement." Courts have also used "supersession" and "preemption" to describe the CUTSA's effect on common law tort causes of action related to trade secret misappropriation.

a conversion claim against a former employee who took documents with him upon leaving the plaintiff's employ was not displaced by the CUTSA, where the conversion claim could be based on the taking of "tangible property" that was not a trade secret).

"[T]he majority of district courts that have considered *Silvaco* have held that CUTSA supersedes claims based on the misappropriation of information that does not satisfy the definition of trade secret under CUTSA." *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694, 2012 WL 6160472, at *6 (N.D. Cal. Dec. 11, 2012); *see also id.* at *9 ("[T]he Court concludes that SunPower's claims based on its non-trade secret proprietary information are superseded unless one of the following conditions is met: (1) SunPower can allege facts that show that the [non-trade secret proprietary] information ... was made property by some provision of positive law, ... on grounds that are qualitatively different from the grounds upon which trade secrets are considered property ... or (2) it can otherwise be concluded that SunPower's Non-Trade Secret Claims allege wrongdoing that is material[ly] distinct[ ] [from] the wrongdoing alleged in a [C]UTSA claim...") (citations and internal quotations omitted); *FormFactor, Inc. v. Micro-Probe, Inc.*, No. C. 10-3095, 2012 WL 2061520, at *14-15 (N.D. Cal. June 7, 2012) (holding that a breach of confidence claim based on misappropriation of confidential information is displaced by the CUTSA); *Heller v. Cepia, L.L.C.*, No. C 11-01146, 2012 WL 13572, at *7 (N.D. Cal. Jan. 4, 2012) (holding that common law claims premised on "the wrongful taking and use of confidential business and proprietary information, regardless of whether such information constitutes trade secrets, are superceded by the CUTSA" absent allegations that the law confers property rights on the plaintiff's non-trade secret confidential information); *Mattel, Inc. v. MGA Entm't, Inc.*,782 F. Supp. 2d 911, 987 (C.D. Cal. 2011) ("[T]he Court concludes that UTSA supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret."). *But see Leatt Corp. v. Innovative Safety Tech.*, LLC, No. 09-CV-1301, 2010 WL 2803947, at *6 n. 5 (S.D. Cal. July 15, 2010) ("Plaintiff's unfair competition and tortious

interference claims are not preempted by the UTSA to the extent they depend on the misappropriation of otherwise confidential or proprietary, but not trade secret, information as well as upon knowledge of Plaintiff's prospective business relationships.").

District courts have taken differing approaches in analyzing claims that contain some allegations sounding in trade secret misappropriation and some allegations unrelated to trade secret misappropriation. *Compare Phoenix Tech. Ltd. v. DeviceVM*, No. C 09-04697, 2009 WL 4723400, at *5 (N.D. Cal. Dec. 8, 2009) ("Although most of the allegations in the FAC supporting Plaintiff's UCL and tort claims concern Defendants' misuse of information that appears to fall within the definition of a "trade secret" under CUTSA, the Court will construe those claims as based on those facts that are not part of the nexus that forms the basis for their CUTSA claim.  If, following discovery, there is not sufficient evidence to support these claims based on a distinct nexus of facts, Defendants may move for summary judgment at that time.") *with Farhang v. Indian Inst. of Tech., Kharagpur*, No C-08-02658, 2010 WL 2228936, at *11 (N.D. Cal. June 1, 2010) (dismissing breach of fiduciary duty claim where two of the three categories of alleged wrongdoing were "based on the same nucleus of facts" as a trade secret claim and the third category, "using plaintiffs' business resources, business guidance, staff, and time to further a project for their own benefit[,] ... standing alone, does not give rise to a cause of action").

### i. Dismissal on CUTSA Grounds as Premature

In opposition, Plaintiff cites *Amron Int'l Diving Supply, Inc.*, 2011 WL 5025178, at *10 for the proposition that CUTSA displacement is not properly resolved on a motion to dismiss because it is too early to tell whether the alleged confidential information constitutes a trade secret under the CUTSA.  In reply, Defendants contend that the Court need not wait to resolve this issue because Plaintiff admits that the confidential information is not a trade secret.  Defendants contend that Plaintiff's first, sixth, tenth, and sixteenth claims, as pled, are legally deficient due to CUTSA

1    displacement.

2        The California Court of Appeal has stated that "the determination of whether a

3    claim is based on trade secret misappropriation is largely factual." *K.C. Multimedia*,

4    171 Cal. App. 4th at 954.  The California Court of Appeal has engaged in this factual

5    determination by looking to the facts alleged in a complaint.  *See id.* at 959-962

6    (comparing allegations of the causes of action in the operative complaint and

7    concluding that causes of action for breach of confidence, interference with contract,

8    and common law unfair competition were displaced because the wrongful conduct

9    alleged involved the same nucleus of operative fact as a trade secret misappropriation

10   claim); *Silvaco*, 184 Cal. App. 4th at 238-240 (rejecting argument that it is premature

11   to dismiss claims on CUTSA displacement grounds based on the allegations of the

12   complaint and dismissing a conversion claim on CUTSA displacement grounds where

13   no other property right aside from trade secrets was identified in the complaint).

14   Numerous federal courts have dismissed common law tort claims as preempted by the

15   CUTSA at the motion to dismiss stage.  *See, e.g.*, *SunPower*, 2012 WL 6160472, at *15

16   ("In order for SunPower to prevail on its claims based on the misappropriation of [non-

17   trade secret proprietary information], SunPower must show that it actually had a

18   property interest in its non-trade secret proprietary information by virtue of some

19   'positive law,' and that that interest is qualitatively different from any property interest

20   conferred by CUTSA. Absent such a showing, the Court cannot draw a 'reasonable

21   inference' that SunPower is entitled to relief on its claims for breach of confidence,

22   conversion, trespass to chattels, interference with prospective economic advantage,

23   unfair competition, or statutory unfair competition.") (citation omitted); *Heller*, 2012

24   WL 13572, at *7 (granting motion to dismiss common law claims based on

25   misappropriation of alleged non-trade secret confidential information); *Valvoline*

26   *Instant Oil Change Franchising, Inc. v. RFG Oil, Inc.*, No. 12-cv-2079, 2013 WL

27   4027858, at * 8 (S.D. Cal. Aug. 5, 2013) (granting motion to dismiss breach of

28   confidence claim on CUTSA displacement grounds, based on allegations that the

counter-defendant provided a competitor with confidential customer lists).

The Court will analyze Plaintiff's first, sixth, tenth, and sixteenth claims separately to determine whether they are "plausibly suggestive of a claim entitling the plaintiff to relief" in light of CUTSA preemption principles. *Moss*, 572 F.3d at 969.

### ii.  First Claim for Breach of Fiduciary Duty Against Defendant Aldava

Plaintiff's first claim for breach of fiduciary duty against Defendant Aldava alleges that Defendant Aldava had a fiduciary duty based on "her leadership position and management role." (ECF No. 1-1 at 14). Plaintiff alleges that Defendant "Aldava was given and had access to information about the strengths and weaknesses, compensation packages and benefits, and particular needs and requirements of the RHI employees she supervised. She was also given and had access to RHI's confidential and proprietary information and business opportunities in accordance with the terms of her employment with RHI. Aldava voluntarily accepted the trust and confidence RHI had placed in her and in her integrity." (ECF No. 1-1 at 14). The Complaint alleges that Defendant Aldava breached her fiduciary duty by:

> (1) soliciting the RHI employees she was supervising to leave the employ of RHI and go to work for a competitor; (2) spending large amounts of time away from the office, failing to develop RHI's business, and encouraging the employees she was taking with her to do the same; (3) organizing and participating in a coordinated scheme to resign; (4) informing every RHI client with whom she was working that she was leaving her employment with RHI; and (5) misleading an RHI client into believing that RHI did not want that client's business.

*Id.* at 15.

None of the five alleged breaches of Defendant Aldava's fiduciary duty alleges the taking or use of an alleged trade secret or confidential or proprietary information. Nor is Defendant's alleged fiduciary role based on its access to proprietary or

1  confidential information.[2]  Defendant has failed to demonstrate that this claim is based

2  on "[t]he misuse of 'information'" that "is not actionable unless it rises to the level of

3  a trade secret under the CUTSA."  (ECF No. 9 at 6).  The Court finds that Plaintiff's

4  first claim is not "based upon misappropriation of a trade secret" or "a transparent

5  attempt to evade the strictures of CUTSA by restating a trade secrets claim as

6  something else."  *Silvaco*, 184 Cal. App. 4th at 236, 240.

7  The Court concludes that Plaintiff's first claim for breach of fiduciary duty is not

8  displaced by the CUTSA.  Defendants' motion to dismiss Plaintiff's first claim is

9  denied.

10  **iii.    Sixth   Claim   for   Tortious   Interference   with**

11  **Prospective Economic Advantage Against Defendant**

12  **Aldava**

13  Plaintiff's sixth claim for tortious interference with prospective economic

14  advantage against Defendant Aldava alleges that Defendant Aldava "was aware of the

15  economic relationships between RHI and its employees" and used "RHI's confidential

16  information to gain unfair and improper competitive advantgages that allowed her

17  future employer to identify, contact, solicit, and/or make successful offers of

18  employment to RHI's key employees."  (ECF No. 1-1 at 19).  Plaintiff alleges that

19  Defendants Sherman and Greenwood terminated their employment, and client

20  relationships have been disrupted, as a result of this interference.

21  The alleged wrongdoing in Plaintiff's sixth claim is Defendant Aldava's use of

22  "confidential information" to gain unfair and improper competitive advantages.  *Id.*

23  Defendant Aldava's alleged wrongdoing could qualify as "misappropriation" under the

24  CUTSA as "[d]isclosure or use of a trade secret of another without express or implied

25  consent by a person who ... [a]t the time of disclosure or use, knew or had reason to

26  _____

27  [2]  Although Plaintiff alleges that Defendant Aldava was given access to "confidential and proprietary information," Defendant Aldava's alleged fiduciary duty

28  and alleged breach of that duty are not alleged to depend on Defendant Aldava's access to "confidential and proprietary information."

know that his or her knowledge of the trade secret was ... [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use...." Cal. Civ. Code § 3426.1(b). Although Plaintiff does not label this information as a trade secret, Plaintiff alleges this "confidential information" allows Plaintiff to "maintain its competitive advantage over competitors and others." (ECF No. 1-1 at 8). This type of "confidential information" could qualify as a "trade secret," as defined by California Civil Code section 3426.1(d). The Court finds that Plaintiff's sixth claim, as alleged, amounts to "restating a trade secrets claim as something else." *Silvaco*, 184 Cal. App. 4th 210 at 240. The "nucleus of facts" in Plaintiff's sixth claim is "based upon misappropriation of a trade secret." *K.C. Multimedia*, 171 Cal. App. 4th at 958; *Silvaco*, 184 Cal. App. 4th at 236.

The fact that Plaintiff does not label its "confidential information" as a trade secret does not prevent CUTSA displacement. Numerous courts have held that claims alleging a former employee's unfair use of a business's "confidential" or "proprietary" information in order to compete with that business are displaced by the CUTSA. In *SunPower*, for example, the plaintiff's former employees took "confidential ... and non-confidential proprietary information," including "contact information, sales histories, potential new sales, status, market and business analysis, quotes, forecast analysis, cash flow analysis, and project economics to a competitor." *SunPower*, 2012 WL 6160472, at *1. In addition to a CUTSA claim, the plaintiff brought claims for breach of confidence, conversion, trespass to chattels, tortious interference with prospective economic advantage, common law unfair competition, and UCL unfair competition. The court dismissed each of these claims, reasoning that the plaintiff had failed to allege facts demonstrating that it had a property interest in the "confidential" or "proprietary" information used by the defendants and had failed to provide any case law support for the proposition that "California law ... recognizes a property right in non-trade secret information." *Id.* at *9-12 (internal quotation omitted). *See also, e.g.*, *FormFactor*, 2012 WL 2061520, at *14-15 (granting summary judgment on a breach of confidence

claim based on a former employee using the plaintiff's confidential information to help his new employer unfairly compete with the plaintiff because "CUTSA preempts other claims based on misappropriation of confidential information, regardless of whether the information ultimately meets the statutory definition of a trade secret"); *Heller*, 2012 WL 13572, at *7 ("*Silvaco* also made clear that common law claims premised on the wrongful taking of information that does not qualify as a trade secret are also superceded, unless the plaintiff identifies some law which confers property rights protecting the information."); *Mattel*, 782 F. Supp. 2d at 987 ("[T]he Court concludes that UTSA supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret.").

As in *SunPower*, Plaintiff has identified no property interest or other non-CUTSA legal authority for which it may hold Defendant Aldava liable for allegedly using RHI's confidential information to benefit her new employer. *Bancroft-Whitney v. Glen*, 64 Cal. 2d 327, 351-52 (1966) and *GAB Business Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc.*, 83 Cal. App. 4th 409, 424 (2000) provide no support for Plaintiff's sixth claim for tortious interference with prospective economic advantage. Both cases involved analysis of breach of fiduciary duty claims that alleged that *current* officers of a corporation breached their fiduciary duties by sharing information with a competitor. *See id.* at 424 ("While an officer of GAB, [defendant] likewise used his insider's knowledge of employee skills and salaries to recruit valued employees away from the corporation he owed a fiduciary duty to, and into jobs with the corporation's competitor."); *Bancroft-Whitney*, 64 Cal. 2d at 351 ("We are of the view, however, that such an unpublished list does constitute confidential information and that an officer of a corporation violates his trust if he reveals it to a competitor for the purpose of enabling the solicitation of the corporation's employees by the competitor"). Plaintiff's sixth claim, by contrast, is not one for breach of fiduciary duty or premised on any duty Defendant Aldava had by virtue of or during her employment with Plaintiff.

The Court concludes that Plaintiff's sixth claim for tortious interference with prospective economic advantage, as alleged, is displaced by the CUTSA. Defendants' motion to dismiss Plaintiff's sixth claim is granted.

> iv.     **Tenth Claim for Tortious Interference with Prospective Economic Advantage Against Defendant Ainsworth**

Plaintiff's tenth claim for tortious interference with prospective economic advantage against Defendant Ainsworth alleges that "Ainsworth used RHI's confidential business information to gain unfair and improper competitive advantages that allowed him to identify, contact, and solicit RHI clients with which he had worked while working for RHI and regarding open positions about which he had learned while working for RHI." (ECF No. 1-1 at 22). Plaintiff alleges that "economic relationships between RHI and its clients actually were disrupted, as Ainsworth was able to exploit his knowledge of RHI's confidential business information to convince RHI's clients to give their business to Ainsworth's new employer." *Id.*

Plaintiff's tenth claim proceeds on the same theory as Plaintiff's sixth claim, but is brought against Defendant Ainsworth. As discussed in greater detail in regard to Plaintiff's sixth claim, the Court finds that Plaintiff's tenth claim amounts to "restating a trade secrets claim as something else." *Silvaco*, 184 Cal. App. 4th 210 at 240. The "nucleus of facts" in Plaintiff's sixth claim is "based upon misappropriation of a trade secret." *K.C. Multimedia*, 171 Cal. App. 4th at 958; *Silvaco*, 184 Cal. App. 4th at 236. Plaintiff has identified no property interest or other non-CUTSA legal authority for which it may hold Defendant Ainsworth liable for using RHI's confidential information to benefit her new employer. *SunPower*, 2012 WL 6160472, at *9-12.

The Court concludes that Plaintiff's tenth claim for tortious interference with prospective economic advantage, as alleged, is displaced by the CUTSA. Defendants' motion to dismiss Plaintiff's tenth claim is granted.

> **v. Sixteenth Claim for Breach of Fiduciary Duty Against**

**Defendant Sherman**

Plaintiff's sixteenth claim for breach of fiduciary duty against Defendant Sherman alleges that Defendant Sherman had a fiduciary duty "by virtue of her leadership and supervisory position at RHI...." (ECF No. 1-1 at 26). Plaintiff alleges that "Sherman was given and had access to information about the strengths and weaknesses, compensation packages and benefits, and particular needs and requirements of the RHI employees she supervised. She was also given and had access to RHI's confidential and proprietary information and business opportunities in accordance with the terms of her employment with RHI. Sherman voluntarily accepted the trust and confidence RHI had placed in her and in her integrity." *Id.* at 26-27. Plaintiff alleges that Defendant Sherman breached her fiduciary duty by "(1) spending large amount of time away from the office and failing to develop RHI's business; and (2) participating in a coordinated scheme to resign." *Id.* at 27.

Neither of the alleged breaches of Defendant Sherman's fiduciary duty involves the taking or use of an alleged trade secret or confidential or proprietary information. Nor is Defendant Sherman's alleged fiduciary role based on her access to proprietary or confidential information.[3] Defendant has failed to demonstrate that this claim is based on "[t]he misuse of 'information'" that "is not actionable unless it rises to the level of a trade secret under the CUTSA." (ECF No. 9 at 6). The Court finds that Plaintiff's first claim is not "based upon misappropriation of a trade secret" or "a transparent attempt to evade the strictures of CUTSA by restating a trade secrets claim as something else." *Silvaco*, 184 Cal. App. 4th at 236, 240.

The Court concludes that Plaintiff's sixteenth claim for breach of fiduciary duty is not displaced by the CUTSA. Defendants' motion to dismiss Plaintiff's sixteenth claim is denied.

---

[3] Although Plaintiff alleges that Defendant Sherman was given access to certain business information, Defendant Sherman's alleged fiduciary duty and alleged breach of that duty are not alleged to relate to Defendant Sherman's access to that business information.

## C. Twenty-Second Claim for Unfair Competition

Defendant contends that Plaintiff's twenty-first claim for violation of the UCL and twenty-second claim for unfair competition are duplicative. Plaintiff contends that the two claims are distinct, with one brought under the UCL and the other brought under common law. Plaintiff contends that they are alternative claims that would entitle Plaintiff to different damages.

Plaintiff's twenty-first claim is brought pursuant to the UCL. Plaintiff's twenty-second claim is brought pursuant to common law. Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999). "Damages are available for common law unfair competition ... [i]n contrast, damages are not available" under the UCL. *Bank of the West v. Superior Court*, 2 Cal. 4 th 1254, 1255-56 (1992). "A pleading that states a claim for relief must contain ... a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The Court finds that Plaintiff's twenty-first and twenty-second claims are not duplicative. These claims rely on the same alleged wrongdoing, but the basis for which "the pleader is entitled to relief" differs. Fed. R. Civ. P. 8(a)(2). The twenty-first claim relies on the UCL, and the twenty-second claim relies on the common law. Defendants' motion to dismiss Plaintiff's twenty-second claim is denied.

## V. Conclusion

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 6) is GRANTED in part and DENIED in part. Plaintiff's second, eighth, ninth, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, and eighteenth claims for breaches of contract and breaches of the implied covenant of good faith and fair dealing are DISMISSED only to the extent these claims seek to enforce Paragraph Thirteen of the employment agreements. Plaintiff's sixth and tenth claims are DISMISSED. Plaintiff may file a motion for leave to amend the complaint, accompanied by a proposed first

1  amended complaint, no later than **thirty (30) days** from the date this Order is filed.

2  DATED:  December 17, 2014

3  *William Q. Hayes*
   **WILLIAM Q. HAYES**

4  United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28