# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HALF INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br>vs.<br>ERIC SHANE AINSWORTH, an individual; LISA LYNN ALDAVA, an individual; SERENA MAI GREENWOOD, an individual; RUBEN D. HERNANDEZ, an individual; DEANA H. SCHWEITZER, an individual; CATHERINE S. SHERMAN, an individual; and DOES 1 through 20,<br><br>Defendants. | CASE NO. 14-CV-2481-WQH (DHB)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Counterclaims for Breach of Contract and Unfair Competition or, in the Alternative, for a More Definite Statement filed by Plaintiff Robert Half International, Inc. (ECF No. 19).

## I. Background

On September 23, 2014, Plaintiff Robert Half International Inc. ("RHI") commenced this action by filing a Complaint in San Diego County Superior Court. (ECF No. 1-1). The Complaint alleges that Defendants, Plaintiff's former employees, breached their respective employment agreements and engaged in unfair competition after terminating employment with Plaintiff and going to work for competitors. The

1  Complaint asserts claims for breach of contract, breach of fiduciary duty, breach of the
2  implied covenant of good faith and fair dealing, tortious interference with prospective
3  economic advantage, violation of the Lanham Act, violation of California Business &
4  Professions Code section 17200, and common law unfair competition.

5        On October 17, 2014, Defendants Eric Ainsworth, Lisa Aldava, Serena
6  Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman removed
7  the action to this Court on the basis of federal question jurisdiction. (ECF No. 1). On
8  October 23, 2014, Defendants filed a motion to dismiss the Complaint. (ECF No. 6).
9  On December 17, 2014, the Court issued an Order, granting in part and denying in part
10 the motion to dismiss. (ECF No. 10). The Court granted Defendant's motion to dismiss
11 as to Plaintiff's breach of contract and breach of the implied covenant of good faith and
12 fair dealing claims "to the extent these claims seek to enforce Paragraph Thirteen of the
13 Employment Agreements." *Id.* at 11. In light of California Business & Professions
14 Code section 16600, which provides, in relevant part, that "every contract by which
15 anyone is restrained from engaging in a lawful profession, trade, or business of any kind
16 is to that extent void[,]" the Court found that "the Complaint fails to allege facts
17 'plausibly suggestive of a claim entitling the plaintiff to relief' for breach of Paragraph
18 13, i.e., facts showing that Paragraph 13 is enforceable." Cal. Bus. & Prof. Code §
19 16600; (ECF No. 10 at 10) (citations omitted).

20       On December 30, 2014, Defendants filed an Answer (ECF No. 12) and
21 Counterclaims for Breach of Contract and Unfair Competition (ECF No. 13). On
22 January 23, 2015, Plaintiff filed the Motion to Dismiss Counterclaims for Breach of
23 Contract and Unfair Competition or, in the Alternative, for a More Definite Statement.
24 (ECF No. 19). On February 9, 2015, Defendants and Counterclaimants ("Defendants")
25 filed an opposition. (ECF No. 23). On February 23, 2015, Plaintiff filed a reply. (ECF
26 No. 26).

27 **II. Allegations of the Counterclaims (ECF No. 13)**

28       "RHI is an employee staffing company. Counterclaimants are former employees

of RHI who were compensated, in part, through commissions. The terms and conditions of RHI employee commissions are governed by a written contract referred to as RHI's compensation plan (the 'Contract')." (ECF No. 13 at 3). "Under the Contract, commissions are earned once the employee successfully places a candidate with a client and the client pays for the service being provided." *Id.* "Counterclaimants are informed and believe that RHI breached the Contract by failing to pay commissions earned." *Id.*

"RHI willfully undertook unfair acts to harm Counterclaimants and other similarly situated current and former RHI employees with knowledge of and in disregard of their rights and with the intention of causing harm. Specifically, RHI requires its employees to sign, and thereafter attempts to enforce, an employment agreement knowing it contains unlawful anticompetitive provisions in violation of *California Business & Professions Code* § 16600." *Id.* at 5. "RHI's conduct constitutes an unfair, unlawful, and fraudulent business practice in violation of *California Business & Professions Code* § 17200 *et seq.*" *Id.*

Defendants Aldava, Greenwood, and Sherman each assert separate counterclaims for breach of contract, and all Defendants assert a counterclaim for violation of California Business & Professions Code section 17200 ("UCL"). Defendants request damages, restitution and disgorgement, injunctive and declaratory relief, pre-judgment interest, attorneys' fees, and costs.

**III. 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

**IV. Discussion**

Plaintiff seeks dismissal of all asserted counterclaims or, in the alternative, an order requiring Defendants to provide a more definite statement. Plaintiff contends that Defendants' breach of contract claims are "devoid of any factual allegations, and instead merely alleges the blanket elements of a breach of contract cause of action." (ECF No. 19-1 at 5). Plaintiff contends that Defendants have failed to plead: (1) when the contract was entered into; (2) how Defendants performed under the contract; and (3) how Plaintiff breached the contract. Plaintiff contends that Defendants' UCL counterclaim fails to allege how they suffered injury in fact or how the contract's provisions violate California Business & Professions Code section 16600.

Defendants Aldava, Greenwood, and Sherman contend that they have stated counterclaims for breach of contract because they have alleged the elements of a breach of contract and need only allege the "legal effect of the contract." (ECF No. 23 at 2). Defendants contend that their allegations are sufficient to state a claim under section 16600 because "[t]he Court held that Paragraph 13 of the agreement ... limited competition and was thus void under section 16600." *Id.* Defendants contend that a violation of section 16600 can provide the basis for liability under the UCL.

### A. Breach of Contract Counterclaims

Defendants Aldava, Greenwood, and Sherman each assert counterclaims against Plaintiff for breach of contract. Under California law, a breach of contract claim is comprised of the following elements: (1) a contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) resulting damages to the plaintiff. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010).

Defendants allege that Defendants Aldava, Greenwood, and Sherman "entered into the Contract," that each Defendant "did all or substantially all of the significant things required of her under the terms of the Contract," that "RHI breached the Contract by failing to pay part of the commissions that [each Defendant] earned," and that each Defendant was "harmed." (ECF No. 13 at 3-4). Defendants Aldava, Greenwood, and Sherman's breach of contract counterclaims lack "factual content ... plausibly suggestive of a claim entitling [Defendants] to relief." *Moss*, 572 F.3d at 969. Plaintiff's motion to dismiss Defendants Aldava, Greenwood, and Sherman's breach of contract counterclaims is granted.

### B. UCL Counterclaim

All Defendants assert a UCL counterclaim against Plaintiff. Under the UCL, any person or entity that has engaged "in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code §§ 17201, 17203. "Unfair competition" includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.* § 17200. The UCL's

"coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 973 P.2d 527, 539 (1999) (internal quotations and citation omitted).

Defendants allege that Plaintiff violated the UCL because Plaintiff "requires its employees to sign, and thereafter attempts to enforce, an employment agreement knowing it contains unlawful anticompetitive provisions in violation of *California Business & Professions Code* § 16600." (ECF No. 13 at 5). Defendants fail to allege "factual content ... plausibly suggestive of a claim" entitling Defendants to relief under the UCL for Plaintiff's violation of section 16600. *Moss*, 572 F.3d at 969. Plaintiff's motion to dismiss Defendants' UCL counterclaim is granted.

## V. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 19) is GRANTED. No later than **thirty (30) days** from the date of this Order, Defendants may file a motion for leave to file amended counterclaims.

DATED: March 16, 2015

**WILLIAM Q. HAYES**
United States District Judge