2015 JUL 15  PM 3: 53

CLE.....
SOUTHERN DISTRICT OF CALIFORN.

BY_____ WP _____DEPUT

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HALF INTERNATIONAL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br>   vs.<br>ERIC SHANE AINSWORTH, an individual; LISA LYNN ALDAVA, an individual; SERENA MAI GREENWOOD, an individual; RUBEN D. HERNANDEZ, an individual; DEANA H. SCHWEITZER, an individual; CATHERINE S. SHERMAN, an individual; and DOES 1 through 20,<br><br>                Defendants. | CASE NO. 14-CV-2481-WQH (DHB)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are: (1) the motion for leave to file amended counterclaims (ECF Nos. 33, 37) filed by Defendants; (2) the motion to file documents under seal (ECF No. 31) filed by Defendants; (3) the motion to file documents under seal (ECF No. 41) filed by Plaintiff; and (4) the motion for leave to file first amended complaint and to amend scheduling order (ECF No. 43) filed by Plaintiff.

## I. Background

On September 23, 2014, Plaintiff Robert Half International Inc. ("RHI") commenced this action by filing a Complaint in San Diego County Superior Court. (ECF No. 1-1). The Complaint alleges that Defendants, Plaintiff's former employees,

1  breached their respective employment agreements and engaged in unfair competition
2  after terminating employment with Plaintiff and going to work for competitors.  The
3  Complaint alleges that Defendants violated Paragraph Thirteen of their respective
4  employment agreements by "touting [their] RHI experience and background for [their]
5  new employer[s'] benefit."[1]  (ECF No. 1-1 at 16, 21, 25, 27).  The Complaint asserts
6  claims for breach of contract, breach of fiduciary duty, breach of the implied covenant
7  of good faith and fair dealing, tortious interference with prospective economic
8  advantage, violation of the Lanham Act, violation of California Business & Professions
9  Code section 17200, and common law unfair competition.
10     On October 17, 2014, Defendants Eric Ainsworth, Lisa Aldava, Serena
11  Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman removed
12  the action to this Court on the basis of federal question jurisdiction.  (ECF No. 1).  On
13  October 23, 2014, Defendants filed a motion to dismiss the Complaint.  (ECF No. 6).
14  On December 17, 2014, the Court issued an Order, granting in part and denying in part
15  the motion to dismiss.  (ECF No. 10).  The Court dismissed Plaintiff's second, eighth,
16  ninth, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, and eighteenth claims for
17  breaches of contract and breaches of the implied covenant of good faith and fair
18  dealing "only to the extent these claims seek to enforce Paragraph Thirteen of the
19  employment agreements."  *Id.* at 23.  The Court found that "the Complaint fails to
20  allege sufficient facts 'plausibly suggestive of a claim entitling the plaintiff to relief'
21  for breach of Paragraph 13, i.e., facts showing that Paragraph 13 is enforceable."  *Id.*
22  at 10 (citation omitted).  The Court dismissed Plaintiff's sixth and tenth claims for
23
24     [1] Paragraph Thirteen of the employment agreements provides:
25     After termination of Employee's employment with Employer, Employee
26     shall not indicate on any stationary, business card, advertising, solicitation
       or other business materials that Employee is or was formerly an employee
27     of Employer, any of its divisions, or any of the RHI Companies except in
       the bona fide submission of resumes and the filling out of applications in
28     the course of seeking employment.

(ECF No. 1-1 at 39).

14-CV-2481-WQH (DHB)

tortious interference with prospective economic advantage as displaced by the California Uniform Trade Secrets Act.

On December 30, 2014, Defendants filed an Answer (ECF No. 12) and Counterclaims for Breach of Contract and Unfair Competition (ECF No. 13). On January 23, 2015, Plaintiff filed a Motion to Dismiss Counterclaims for Breach of Contract and Unfair Competition or, in the Alternative, for a More Definite Statement. (ECF No. 19). On March 16, 2015, the Court issued an Order granting the motion to dismiss. (ECF No. 28). The Court found that Defendants had failed to allege sufficient facts to state plausible breach of contract and unfair competition claims. The Court granted Defendants thirty days to file a motion for leave to file amended counterclaims.

On February 11, 2015, United States Magistrate Judge David Bartick issued a Scheduling Order, giving the parties until May 13, 2015, to file "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings...." (ECF No. 25 at 1).

On April 15 and 16, 2015, Defendants filed the motion for leave to file amended counterclaims, accompanied by the motion to file documents under seal. (ECF Nos. 33, 34, 37). On May 12, 2015, Plaintiff filed an opposition. (ECF No. 41). On May 13, 2015, Plaintiff filed the motion to file documents under seal. (ECF No. 41). On May 19, 2015, Defendants filed a reply. (ECF No. 45).

On May 13, 2015, Plaintiff filed the motion for leave to file a first amended complaint and to amend scheduling order. (ECF No. 43). On June 1, 2015, Defendants filed a response. (ECF No. 50). On June 8, 2015, Plaintiff filed a reply. (ECF No. 53).

**II. Discussion**

**A. Defendants' Motion for Leave to File Amended Counterclaims (ECF Nos. 33, 37)**

Defendants request leave to file amended counterclaims. Defendants assert that Plaintiff agrees that amendment is appropriate, based on Plaintiff's contentions in its motion to dismiss Defendants' counterclaims. Defendants contend that their proposed

14-CV-2481-WQH (DHB)

1  amended counterclaims include more factual allegations. Plaintiff contends that
2  amendment would be futile because Defendants have failed to establish standing
3  pursuant to California Business and Professions Code section 17200.

4      Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely
5  given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied
6  with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051
7  (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment,
8  a court considers whether there is "undue delay," "bad faith," "undue prejudice to the
9  opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182
10 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration
11 of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*,
12 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden
13 of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.
14 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors,
15 there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."
16 *Eminence Capital*, 316 F.3d at 1052.

17     After review of the motion for leave to file amended counterclaims and all
18 related filings, the Court concludes that Plaintiff has not made a sufficiently strong
19 showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor
20 of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The motion for
21 leave to file amended counterclaims is granted.

22     **B. Defendants' Motion to File Documents Under Seal (ECF No. 31)**

23     Defendants attach a proposed amended counterclaims to their motion to file
24 amended counterclaims. Defendants lodged conditionally under seal Exhibits A and
25 B to the proposed amended counterclaims. (ECF No. 35). Exhibits A and B are
26 Defendant Aldava and Sherman's Compensation Agreements with Plaintiff.
27 Defendants contend that there is good cause to file these exhibits under seal because
28 they are designated as "confidential" pursuant to the parties' stipulated protective order

1  signed by Magistrate Judge David Bartick.

2  "Historically, courts have recognized a 'general right to inspect and copy public
3  records and documents, including judicial records and documents.'" *Kamakana v. City*
4  *and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v.*
5  *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  In the Ninth Circuit, there
6  is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut.*
7  *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at
8  1178-79.

9  "[T]he strong presumption of access to judicial records applies fully to
10  dispositive pleadings, including motions for summary judgment and related
11  attachments.... [T]he resolution of a dispute on the merits, whether by trial or summary
12  judgment, is at the heart of the interest in ensuring the 'public's understanding of the
13  judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179
14  (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289,
15  1294 (9th Cir. 1986)).  "Thus, 'compelling reasons' must be shown to seal judicial
16  records attached to a dispositive motion." *Id.*

17  An exception to the strong presumption of access applies to sealed discovery
18  documents attached to non-dispositive motions. *Id.* "Specifically, the public has less
19  of a need for access to court records attached only to non-dispositive motions because
20  those documents are often unrelated, or only tangentially related, to the underlying
21  cause of action." *Id.* (citations and internal quotations omitted).  "A 'good cause'
22  showing under Rule 26(c) will suffice to keep sealed records attached to non-
23  dispositive motions." *Id.* at 1180.   The existence of a protective order sealing
24  documents is sufficient to demonstrate "good cause." *Id.* at 1179-80.

25  Exhibits A and B are subject to the Court's protective order.  Defendants have
26  therefore shown good cause to file under seal Exhibits A and B to the proposed

27

28

1    amended counterclaims. Defendants' motion to file documents under seal is granted.[2]

2    **C.  Plaintiff's Motion to File Documents Under Seal (ECF No. 41)**

3        Plaintiff lodged two exhibits conditionally under seal in opposition to the motion

4    for leave to file amended counterclaims. (ECF No. 42). These exhibits consist of

5    portions of Defendants Sherman and Greenwoods depositions. Plaintiff contends that

6    there is good cause to seal these exhibits because they are designated as "confidential"

7    pursuant to the parties' stipulated protective order signed by Magistrate Judge David

8    Bartick.

9        These exhibits are subject to the Court's protective order. Plaintiff has therefore

10   shown good cause to file these exhibits under seal. Plaintiff's motion to file documents

11   under seal is granted.

12   **D.  Plaintiff's Motion for Leave to File a First Amended Complaint**

13       **and Amend Scheduling Order (ECF No. 43)**

14       **a.  Motion for Leave to File a First Amended Complaint**

15       Plaintiff requests leave to amend in order to add a claim for misappropriation of

16   trade secrets against Defendants Aldava, Greenwood, Sherman, and Hernandez.

17   Plaintiff asserts that, "[s]ince filing its original complaint, RHI has discovered that after

18   they left RHI, Defendants Aldava, Greenwood, Sherman, and Hernandez each

19   possessed RHI documents containing RHI's confidential business information and

20   trade secrets." (ECF No. 43-3 at 5). Plaintiff asserts that it learned information related

21   to Defendants' misappropriation of trade secrets during the course of discovery.

22

---

23       [2] However, Defendants must file a second motion to file documents under seal if they seek to file exhibits to their First Amended Counterclaims under seal. If they

24   choose to do so, Defendants will be required to meet the compelling reasons standard. *See, e.g., Baldwin v. U.S.*, 732 F. Supp. 2d 1142, 1145 (D. N. Mar. 1. 2010) (applying compelling reasons standard to complaint exhibits filed under seal because the claims

25   themselves arose from the exhibits in question); *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04614, 2014 WL 4145520, at *1 n.2 (N.D. Cal. Aug. 20, 2014) (to same effect);

26   *Billman Prop., LLC v. Bank of Am., N.A.*, No. 2:15-cv-00088, 2015 WL 575926, at *1 (D. Nev. Feb. 11, 2015) ("Although the Ninth Circuit has not ruled on the issue, other

27   courts in this circuit have held that a party seeking to seal documents attached to the complaint must show compelling reasons, and the court finds those cases persuasive.")

28   (collecting cases).

Plaintiff contends that the *Foman* factors all weigh in favor of granting leave to amend. "Defendants do not oppose RHI's request to file an amended complaint to add causes of action for trade secret misappropriation." (ECF No. 50 at 2).

Plaintiff's unopposed motion for leave to file a first amended complaint is granted.

### b. Motion to Amend Scheduling Order

Plaintiff requests that the Scheduling Order be amended as follows: (1) extend the deadline to amend pleadings "within two weeks after [Roth Staffing Companies, L.P. ('Roth')] fully complies with the subpoena issued by RHI"; (2) extend Plaintiff's expert disclosure deadline from May 15, 2015, to fifteen days from the date this Order is filed; (3) extend Defendants' expert disclosure deadline from May 29, 2015, to thirty days from the date this Order is filed; and (4) to extend the deadline to supplement expert disclosures to forty-four days from the date this Order is filed. Plaintiff asserts that it may be required to file another amended complaint, depending on Roth's (a non-party) responses to subpoena requests. (ECF No. 43-3 at 7-8).

The Court refers the motion to amend scheduling order to United States Magistrate Judge David H. Bartick, the magistrate judge assigned to this case who issued the Scheduling Order pursuant to Local Civil Rule 16.2.

///

**V. Conclusion**

IT IS HEREBY ORDERED that the motion for leave to file amended counterclaims (ECF Nos. 33, 37) is GRANTED.  Defendants shall file the First Amended Counterclaims within **ten (10) days** from the date of this Order.

IT IS FURTHER ORDERED that the motions to file documents under seal (ECF Nos. 31, 41) are GRANTED.

IT IS FURTHER ORDERED that the motion for leave to file a first amended complaint (ECF No. 43) is GRANTED.  Plaintiff shall file the First Amended Complaint within **ten (10) days** from the date of this Order.  The motion to amend scheduling order (ECF No. 43) is REFERRED to United States Magistrate Judge David H. Bartick.

DATED:  7/15/    , 2015

WILLIAM Q. HAYES
United States District Judge