**HILL, FARRER & BURRILL LLP**
Neil D. Martin (SBN 094121)
  Email: nmartin@hillfarrer.com
Clayton J. Hix (SBN 236718)
  Email: chix@hillfarrer.com
William A. Meyers (SBN 266322)
  Email: wmeyers@hillfarrer.com
300 South Grand Avenue, 37th Floor
Los Angeles, California  90071-3147
Telephone:  (213) 620-0460
Fax:  (213) 624-4840

Attorneys for Defendants/Counterclaimants
Eric Ainsworth, Lisa Aldava, Serena Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HALF INTERNATIONAL, INC. a Delaware corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>ERIC SHANE AINSWORTH, an individual; *et al*.,<br><br>            Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIM | CASE NO.  14-CV-2481 WQH(DHB)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:         November 2, 2015<br>Judge:      Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# MEMORANDUM OF POINTS & AUTHORITIES

Defendants Eric Ainsworth ("Ainsworth"), Lisa Aldava ("Aldava"), Serena Greenwood ("Greenwood"), Ruben Hernandez, Jr. ("Hernandez"), Deana Schweitzer ("Schweitzer"), and Catherine Sherman ("Sherman") (collectively, "Defendants") submit this memorandum of law in support of their motion for partial summary judgment against Plaintiff Robert Half International, Inc. ("RHI").

## I. INTRODUCTION

RHI is a large, publicly-traded company suing its former employees who left to work for a competitor. RHI seeks to recover for alleged breaches of two illegal "non-solicitation" provisions in its employment agreement.

RHI's employment contract perverts the definition of the term "solicit." The California Supreme Court defines "solicit" as *asking* for business from another. A party's willingness to discuss business – upon a customer's invitation – is lawful and not solicitation. RHI defines "solicit" to include *responding* to an inquiry. It is that linguistic sleight of hand which makes RHI's employment agreement unenforceable.

Paragraphs 10 and 11 of the employment agreement both employ this definition of "solicit." Paragraph 10 limits customer solicitation and paragraph 11 limits employee solicitation. These provisions violate California's well-established policy against contractual restraints on trade. Under Business & Professions Code section 16600, they are invalid as a matter of law.

Defendants are entitled to partial summary judgment as to RHI's contract claims and Defendants' counterclaim for unfair competition to the extent such claims are predicated on breaches of Paragraphs 10 or 11 of RHI's employment agreement.

## II. STATEMENT OF ISSUES

Defendants request partial summary judgment on the following issues:

(1) RHI's second, eighth, eleventh, thirteenth, seventeenth, and twentieth claims for breach of contract to the extent those claims are based on Paragraph 10 of the RHI employment agreement. Under Business & Profession Code section 16600, Paragraph 10 is illegal, void, and unenforceable as a matter of law.

(2) RHI's second, eighth, eleventh, thirteenth, seventeenth, and twentieth claims for breach of contract to the extent those claims are based on Paragraph 11 of the RHI employment agreement. Under Business & Profession Code section 16600, Paragraph 11 is illegal, void, and unenforceable as a matter of law.

(3) For partial summary judgment in favor of Defendants on their counterclaim for unfair competition in violation of California Business & Professions Code section 17200, *et seq.* to the extent the claim is based on Paragraph 10 of the RHI employment agreement.

(4) For partial summary judgment in favor of Defendants on their counterclaim for unfair competition in violation of California Business & Professions Code section 17200, *et seq.* to the extent the claim is based on Paragraph 11 of the RHI employment agreement.

## III. UNDISPUTED FACTS

Defendants are former RHI employees. [UF, ¶ 1.] As a condition of employment, RHI required Defendants to sign an employment agreement (the "RHI Employment Agreement"). [UF, ¶ 2.]

Paragraph 10 of the RHI Employment Agreement restricts Defendants' ability to "Solicit" or "perform services" for RHI *customers* following termination of employment:

> 10. <u>Non-solicitation of Customers</u>. … [F]or a period of twelve (12) months after the Termination Date…

- 3 -

> Employee agrees that Employee shall not use or disclose any of Employer's trade secrets or other confidential information, to directly or indirectly, on behalf of any Competitor, Solicit the trade or patronage of any Customer or perform services for any Customer.

[UF, ¶ 3.]

The definition of "Customer" includes *former* RHI customers who no longer do business with RHI. [UF, ¶ 5.]

Paragraph 11 of the RHI Employment Agreement restricts Defendants' post-employment ability to "Solicit" RHI *employees*:

> 11. <u>Non-solicitation of Other Employees</u>. …[F]or a period of twelve (12) months after the Termination Date… Employee agrees that Employee shall not, directly or indirectly, at any time or for any reason, either alone or jointly, with or on behalf of others, whether as principal, partner, agent, representative, equity holder, director, employee, consultant or otherwise, Solicit any Other Employee to leave the employ of the RHI Companies, either for Employee's own account or for any other person, firm or company.

[UF, ¶ 4.]

RHI's definition of "Solicit" is *not* limited to the former RHI employee initiating contact with the RHI customer or current employee:

> "Solicit" means soliciting, inducing, attempting to induce or assisting any other person, firm, entity, business or organization in any such solicitation, inducement or attempted inducement, in all cases <u>regardless</u> of whether the <u>initial contact</u> was by Employee, an Other Employee, or <u>any other person</u>, firm, entity, business or organization.

[UF, ¶ 6.]

"Solicit" thus includes those situations where a *customer initiates contact* with the former RHI employee in hopes of doing business with him or her. [UF, ¶¶ 3, 6.]

- 4 -

"Solicit" also includes those situations where a *current employee initiates contact* with the former RHI employee to seek a new job, or to simply obtain employment advice. [UF, ¶¶ 4, 6.] Even if first contacted by a current RHI employee, Paragraph 11 prohibits the former RHI employee from hiring the current employee, and from offering employment advice.[1]

The RHI Employment Agreement provides that in the event of an actual or threatened breach of Paragraphs 10 or 11, RHI is entitled to "temporary and permanent injunctive relief." [UF, ¶ 8.] By instituting and continuing to prosecute this action, RHI seeks to enforce these provisions against Defendants.

## IV. SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party may move for summary judgment on all or part of the claims in the case.

Summary judgment is appropriate where the pleadings and other evidence show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett* (1986) 477 U.S. 317. A material issue of fact is a question the trier of fact must answer to determine the rights of the parties under the applicable substantive law. *Anderson v. Liberty Lobby, Inc*. (1986) 477 U.S. 242, 248.

The moving party bears "the initial responsibility of informing the district court of the basis for its motion." *Celotex*, 477 U.S. at 323. To satisfy this burden, the moving party must demonstrate that no genuine issue of material fact exists for trial. *Id*. at 322. However, the moving party is not required to negate those portions of the non-moving party's claim on which the non-moving party bears the burden of proof. *Id*. at 323.

---

[1] Paragraph 11 would apply where the former RHI employee provides employment advice which leads the current employee to leave RHI -- *regardless of where* the employee accepts new employment.

- 5 -

To withstand a motion for summary judgment, the non-movant must then show that there are genuine factual issues which can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist. No. 14J* (9th Cir. 2000) 208 F.3d 736, 738.

## V. PARAGRAPHS 10 AND 11 OF THE RHI EMPLOYMENT AGREEMENT ARE ILLEGAL, VOID, AND UNENFORCEABLE

### A. California's Public Policy and Statutory Prohibition Against Contractual Restraints on Trade

Section 16600 of the Business & Professions Code sets forth California's prohibition against contractual restraints on trade in employment agreements:

> Except as provided in this chapter, <u>every</u> contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent <u>void</u>.

Cal. Bus. & Prof. C. § 16600 (emphasis added).

Section 16600 "represents a strong public policy of the state." *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 949. Under this statute, covenants not to compete are "generally unenforceable." *Fillpoint, LLC v. Maas* (2012) 208 Cal.App.4th 1170, 1177.

There are three narrow statutory exceptions to California's prohibition against broad covenants not to compete; none apply here.[2]

"The latter sections reinforce the conclusion that covenants not to compete in contracts other than for sale of goodwill or dissolution of partnership are <u>void</u>." *Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 406 (emphasis added); see also, *Edwards*, 44 Cal.4th at 955 ("Noncompetition agreements are <u>invalid</u> under section 16600 in California, <u>even if narrowly drawn</u>, unless they fall within the applicable statutory exceptions of sections 16601, 16602, or 16602.5.") (emphasis added).

---

[2] Business and Professions Code sections 16601, 16602, and 16602.5 permit covenants not to compete in connection with the sale of a business, dissolution of a partnership, and dissolution of a limited liability company, respectively.

Paragraphs 10 and 11 of the RHI Employment Agreement constitute contractual restraints on trade, and do not fall within any of the statutory exceptions to section 16600. They are void and unenforceable as a matter of law.

### B. Paragraph 10 Violates Section 16600

"Covenants not to solicit a former employer's customers are treated as covenants not to compete, and are invalid under section 16600—except as necessary to protect trade secrets." *Sunbelt Rentals, Inc. v. Victor* (N.D. Cal., Feb. 5, 2014) 2014 WL 492364, at *8 (citing *Dowell v. Biosense Webster, Inc.* (2009) 179 Cal.App.4th 564, 577).

As a threshold item, California courts "have expressed skepticism that there is a common law 'trade secret exception' to section 16600…" *PSC Industrial Outsourcing, LP v. Kodysz* (E.D. Cal., July 3, 2013) 2013 WL 3354452, at *3 (citing *Dowell*, 179 Cal.App.4th at 577).

While an employee can be enjoined from *tortious* conduct with respect to his employer's trade secrets under the UTSA, or as an independent wrong for purposes of unfair competition law, section 16600 prevents a court from enforcing a *contractual* clause banning solicitation by the former employee. *Id.* (citing *The Retirement Group v. Galante* (2009) 176 Cal.App.4th 1226, 1233).

Even assuming arguendo that the so-called "trade secret exception" exists, it has no application to Paragraph 10 of the RHI Employment Agreement. The provision's broad language and application render it void as a matter of law.

Paragraph 10 prohibits former RHI employees, for 12 months following termination of their employment, from (a) "soliciting" the business of RHI customers, and (b) "performing services" for RHI customers. It violates section 16600 for several reasons.

First, Paragraph 10 is not limited to the protection of RHI's trade secrets.

1  Paragraph 10 prohibits the use of *both* trade secrets *and* "confidential information" in connection with the solicitation of RHI customers. Even if the so-called "trade secret exception" exists, there is no "confidential information exception" to section 16600.

Second, RHI's definition of "Solicit" is broader than allowed by law. The California Supreme Court has, since at least 1952, defined "Solicit" to mean *asking* for business from another. *Aetna Bldg. Maintenance Co. v. West* (1952) 39 Cal.2d 198, 203-204 (Solicit means "To ask for with earnestness…To appeal to (for something); to apply to for obtaining something; to ask earnestly; to ask for the purpose of receiving; to endeavor to obtain by asking…").

RHI defines "Solicit" to apply regardless of who initiates contact -- that is, *regardless of who asks first*. Paragraph 10 applies where *a customer initiates contact* with the former RHI employee, and requests that he or she perform professional services for that customer. RHI improperly broadens the scope of the term "Solicit" in defiance of well-established California law. See, e.g., *Norsat Intern., Inc. v. B.I.P. Corp.* (S.D. Cal., May 30, 2014) 2014 WL 2453034, at *6 ("Neither does the willingness to discuss business upon invitation of another party constitute solicitation.") (quoting *Aetna*, 39 Cal.2d at 204) (emphasis added); *Hilb, Rogal & Hamilton Ins. Services v. Robb* (1995) 33 Cal.App.4th 1812, 1821 (no solicitation found where employee "simply informed some of [his employer's] clients] that he was changing employment, and they responded by asking him to move their accounts…").

The effect of RHI's definition of "Solicit" is that Paragraph 10 would prohibit Defendants from performing professional services for a customer who: (a) no longer does business with RHI,[3] (b) first initiated contact with Defendants, (c) affirmatively requested to do business with Defendants, (d) in the absence of any

---

[3] Paragraph 10 is not limited to *current* RHI customers. [UF, ¶¶ 3, 5.]

- 8 -

affirmative act by the Defendants to prompt that request.  The former RHI employee and customer both lose.

A California employer may not prohibit its former employees from doing business with a customer who first initiates contact with the employee.  See, e.g., *Fidelity Brokerage Services LLC v. McNamara* (S.D. Cal., May 27, 2011) 2011 WL 2117546, at *3 ("California law permits [former employee] McNamara to notify [former employer] Fidelity clients that he has moved to Merrill Lynch.  McNamara may also discuss business with the clients, <u>if invited to do so</u>.") (emphasis added).

By requiring its employees to agree to Paragraph 10, RHI seeks to broadly enjoin its former employees from engaging in lawful business.  It is not limited to trade secret protection.  See *Dowell v. Biosense Webster, Inc.* (2009) 179 Cal.App.4th 564, 571 ("Even assuming the exception exists, we agree with the trial court that it has no application here. This is so because the noncompete and nonsolicitation clauses in the agreements are not <u>narrowly tailored</u> or <u>carefully limited</u> to the protection of trade secrets, but are so broadly worded as to restrain competition.").  Paragraph 10 is neither narrowly tailored nor carefully limited to the protection of trade secrets.  It constitutes an unlawful contractual restraint on trade in violation of section 16600.

### C. Paragraph 11 Violates Section 16600

Under section 16600, *employee* non-solicitation and non-hire covenants are likewise generally void and unenforceable.  See, e.g., *SriCom, Inc. v. EbisLogic, Inc.* (N.D. Cal., Sept. 13, 2012) 2012 WL 4051222, at *4 (citing *VL Systems, Inc. v. Unisen, Inc.* (2007) 152 Cal.App.4th 708).

The public policy underlying application of the statute to *employee* non-solicitation and non-hire covenants is to ensure that "every citizen shall retain the right to pursue any lawful employment and enterprise of their choice."  *VL Systems*, 152 Cal. App. 4th at 713.  Under 16600:

> [A] competitor may solicit another's employees if they do not use unlawful means or engage in acts of unfair competition.
>
> Indeed, no actionable wrong is committed by a competitor who solicits his competitor's employees or who hires away one or more of his competitor's employees who are not under contract, so long as the inducement to leave is not accompanied by unlawful action.

*Id.* (internal quotations citations omitted).

The court in *VL Systems* addressed the issue of whether two parties "can agree on a no-hire provision as a matter of contract." *Id*. There, the defendant customer to a computer consulting contract agreed that it would not hire any VLS employees for 12 months after termination of the contract. *Id*. at 709-10. The *VL Systems* court applied section 16600 to find that the broad no-hire provision was unenforceable as a matter of law. *Id*. at 710.

In contrast to a narrowly drawn provision aimed at protecting a business from a "raiding" of its employees, the contractual covenant in *VL Systems* went "far beyond what is necessary to protect VLS's legitimate interests and results in a situation where the opportunities of employees are restricted without their knowledge and consent." *Id*. at 717-18. The court added:

> Paragraph 6…is in no sense narrowly drawn—it is a very broad provision covering not only solicitation by Star Trac, but all hiring, and it applies to all VLS employees... Such a broad provision is not necessary to protect VLS's interests and is outweighed by the policy favoring freedom of mobility for employees. It is therefore unenforceable.

*Id*. at 718 (emphasis added).

Like the restrictive covenant in *VL Systems*, Paragraph 11 of the RHI Employment Agreement is a "very broad provision covering not only solicitation

by [Defendants], but all <u>hiring</u>, and it applies to all [RHI] employees."[4]  By enforcing the provision, RHI seeks to improperly restrict the mobility of its current employees without their knowledge and consent.

Paragraph 11 improperly expands upon the definition of "solicit" to apply where the current RHI employee *initiates contact* with the former RHI employee. The former RHI employee cannot respond to the current employee's inquiries without violating Paragraph 11.

Paragraph 11 is effectively a "no hire" provision.

It precludes employees from reaching out to their former RHI colleagues for employment advice, or to assist in their efforts to find new employment.  It prevents former RHI employees from *hiring* current RHI employees, even where the current employee unilaterally seeks the employment in the first instance, and without any affirmative conduct on the part of the former employee.

And Paragraph 11 applies in the *absence* of any trade secret misuse, unfair competition, or any other "unlawful action."

California law makes clear that a "no hire" agreement between an employer and employee is void under section 16600 because it "would serve to restrain mobility in much the same way as a covenant not to compete." *Thomas Weisel Partners LLC v. BNP Paribas* (N.D. Cal., Feb. 10, 2010) 2010 WL 546497, at *6; see also, *Arthur J. Gallagher & Co. v. Lang* (N.D. Cal., May 23, 2014) 2014 WL 2195062, at *4 ("California courts recognize that an employer may <u>not</u> prohibit its former employees from <u>hiring</u> the employer's current employees…").

By contrast, a more limited provision restricting the active recruitment of current employees is not facially void, so long as it does not limit the current employee's ability to contact or be hired by the former employee.  See *Loral Corp.*

---

[4] Paragraph 11 is not even limited to *current* RHI employees.  It applies to any individual who was employed at RHI within the six (6) months prior to the employee's termination date. [UF, ¶¶ 4, 7.]

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

1  *v. Moyes* (1985) 174 Cal.App.3d 268, 279-80 ("Equity will not enjoin a former
2  employee from <u>receiving</u> and <u>considering</u> applications from employees of his
3  former employer, even though the circumstances be such that he should be enjoined
4  from soliciting their applications.").

5  Unlike the employee non-solicitation clause in *Moyes* – where "All [the
6  employees] lose is the option of being contacted by [the former employee] first"
7  (*id.* at 279) – Paragraph 11 of the RHI Employment Agreement impairs the ability
8  of RHI employees to seek employment elsewhere. It prohibits their former
9  colleagues (i.e., the Defendants herein) from hiring them.

10  As in *VL Systems*, Paragraph 11 goes "far beyond what is necessary to
11  protect [RHI's] legitimate interests…" 152 Cal. App. 4th at 717-18; see also,
12  *SriCom, Inc. v. EbisLogic, Inc.* (N.D. Cal., Sept. 13, 2012) 2012 WL 4051222, at *5
13  (broad no-hire provision is void under section 16600); *Richmond Technologies, Inc.*
14  *v. Aumtech Business Solutions* (N.D. Cal., July 1, 2011) 2011 WL 2607158, at *18
15  (invalidating no-hire provision that precluded defendant from "entering into any
16  agreement with [plaintiff's] clients or employees, <u>regardless</u> of whether [defendant]
17  <u>initiated the contact</u> or whether the contact resulted in any misuse of trade secrets.")
18  (emphasis added); *Silguero v. Creteguard, Inc.* (2010) 187 Cal.App.4th 60, 70 (two
19  companies' informal agreement to honor covenant not to compete is "tantamount to
20  a no-hire agreement… [and] would be void and unenforceable under section 16600
21  because it unfairly limits the mobility of an employee…").

22  Paragraph 11 prevents current and former RHI employees from pursuing the
23  lawful employment and enterprise of their choice. It is in no sense narrowly drawn
24  or carefully limited to the protection of RHI's trade secrets, and is thus invalid
25  under section 16600.

## VI. DEFENDANTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON RHI'S CONTRACT CLAIMS TO THE EXTENT THEY ARE BASED ON PARAGRAPHS 10 OR 11

As part of its breach of contract claims against each of the six Defendants, RHI seeks injunctive relief based on each of the Defendant's "actual or threatened breach" of Paragraphs 10 and 11 of the RHI Employment Agreement:

> [Defendant] acknowledged … that in the event of an actual or threatened breach of the covenants set forth in Sections 9, <u>10</u>, and <u>11</u>, RHI would be irreparably harmed and RHI's remedy at law would be inadequate… RHI also seeks, in addition to any other available remedy, preliminary and permanent <u>injunctive relief</u> against [Defendant].

[See FAC ¶¶ 61, 98, 112, 121, 147, and 165.] RHI also alleges that defendants Ainsworth and Hernandez breached Paragraph 11 of the RHI Employment Agreement "by soliciting Danielle Healis," and RHI employee. [FAC, ¶¶ 97 and 120.]

Paragraphs 10 and 11 of the RHI Employment Agreement violate section 16600, and are therefore illegal and unenforceable. Section 16600 empowers the district court to invalidate such restrictive covenants as a matter of law, and grant summary judgment on that basis. See, e.g., *Dowell v. Biosense Webster, Inc.*, 179 Cal.App.4th at 579 (invalidating non-solicitation clause via summary adjudication and stating, "we are satisfied that the trial court could properly make this determination as a matter of law."); *Kolani*, *supra*, 64 Cal.App.4th at 406 (sustaining demurrer to contract claim where "the covenant not to compete was void and unenforceable…"); *Kelton v. Stravinski* (2006) 138 Cal. App. 4th 941, 946 (affirming summary judgment where "covenant not to compete is unenforceable as a matter of law."); *Latona v. Aetna U.S. Healthcare Inc.* (C.D. Cal. 1999) 82 F.Supp.2d 1089, 1093 (application of covenant not to compete to given facts "is secondary to its facial validity.").

Further, the restrictive covenants set forth in Paragraphs 10 and 11 of the RHI Employment Agreement cannot be reformed by the Court, nor given a narrowing construction. See, e.g., *Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.* (N.D. Cal. 2009) 630 F.Supp.2d 1084, 1091 ("In general, courts reform contracts only where the parties have made a mistake and <u>not</u> for the purpose of saving an illegal contract. Illegal contracts are void."). A narrowing construction would undermine the public policy behind section 16600:

> Employers could insert broad, facially illegal covenants not to compete in their employment contracts. Many, perhaps most, employees would honor these clauses without consulting counsel or challenging the clause in court, thus directly undermining the statutory policy favoring competition. Employers would have no disincentive to use the broad, illegal clauses if permitted to retreat to a narrow, lawful construction in the event of litigation.

*Kolani*, *supra*, 64 Cal.App.4th 402, 408.

This Court should declare Paragraphs 10 and 11 void and unenforceable. To the extent RHI's contract claims are based on one or both of these provisions, Defendants are entitled to partial summary judgment.

## VII. DEFENDANTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR SECTION 17200 CLAIM

### A. RHI's Use of Paragraphs 10 and 11 Constitutes Unfair Competition in Violation of Section 17200

An employer's use of a non-solicitation, non-competition, or no-hire covenant that violates section 16600 constitutes unfair competition under section 17200. See *Dowell v. Biosense Webster, Inc.*, *supra*, 179 Cal.App.4th at 575 ("it is clear that the noncompete and nonsolicitation clauses in the agreements…are void and unenforceable under section 16600 and that their use violates section 17200.").

- 14 -

The mere *use* of such restrictive covenants is sufficient to warrant summary judgment on a section 17200 unfair competition claim; this is true "regardless of whether [the employer] attempted to enforce it." *Couch v. Morgan Stanley & Co., Inc.* (E.D. Cal., Aug. 7, 2015) 2015 WL 4716297, at *20; see also, *Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.* (N.D. Cal. 2009) 630 F.Supp.2d 1084, 1092 (granting summary judgment on section 17200 claim and holding, "Since the Court has found that the Assignment Clause is unlawful under section 16600, it follows that the Assignment Clause constitutes unfair competition under section 17200.").

RHI acknowledges that it requires new employees to sign the Employment Agreement. [FAC, ¶ 19.] Paragraphs 10 and 11 of that agreement constitute illegal and unenforceable restrictive covenants in violation of section 16600.

Under *Dowell*, *Applied Materials*, and their progeny, RHI's use of Paragraphs 10 and 11 constitutes unfair competition in violation of section 17200 as a matter of law. There is nothing for a trier of fact to decide. Defendants are therefore entitled to summary judgment on their fifth claim for relief.

## VIII. CONCLUSION

For the foregoing reasons, Defendants request that the Court grant partial summary judgment for Defendants on each of RHI's claims for relief.

Dated: October 5, 2015                    **HILL, FARRER & BURRILL LLP**

By: */s/ Clayton J. Hix*
CLAYTON J. HIX
Attorneys for Defendants
Counterclaimants Eric Ainsworth, Lisa Aldava, Serena Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman

HFB 1576838.6 R8397002