**HILL, FARRER & BURRILL LLP**
Neil D. Martin (SBN 094121)
 Email: nmartin@hillfarrer.com
Clayton J. Hix (SBN 236718)
 Email: chix@hillfarrer.com
William A. Meyers (SBN 266322)
 Email: wmeyers@hillfarrer.com
300 South Grand Avenue, 37th Floor
Los Angeles, California 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840

Attorneys for Defendants/Counterclaimants
Eric Ainsworth, Lisa Aldava, Serena Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HALF INTERNATIONAL, INC. a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ERIC SHANE AINSWORTH, an individual; *et al*.,<br><br>　　　　Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIM | CASE NO. 14-CV-2481 WQH(DHB)<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　November 2, 2015<br>Judge:　Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Defendants / Counterclaimants Eric Ainsworth ("Ainsworth"), Lisa Aldava ("Aldava"), Serena Greenwood ("Greenwood"), Ruben Hernandez, Jr. ("Hernandez"), Deana Schweitzer ("Schweitzer"), and Catherine Sherman ("Sherman") (collectively, "Defendants") submit the following separate statement of undisputed material facts in support of their motion for partial summary judgment as to: (a) the second, eighth, eleventh, thirteenth, seventeenth, and twentieth claims for relief for breach of contract asserted by Plaintiff Robert Half International, Inc. ("RHI") in its First Amended Complaint ("FAC"), to the extent those claims are based on Paragraphs 10 or 11 of the RHI employment agreement; and (b) Defendants' counterclaim for unfair competition in violation of California Business & Professions Code section 17200, *et seq*.

1. Defendants are former RHI employees. [FAC (Dkt. #66), ¶ 3.][1]

2. As a condition of employment, RHI required Defendants to sign an employment agreement (the "RHI Employment Agreement"). [FAC, ¶¶ 19, 43.]

3. Paragraph 10 of the RHI Employment Agreement states:

> 10. <u>Non-solicitation of Customers</u>. In consideration and view of (i) Employee's position with the RHI Companies, (ii) the valuable consideration furnished to the Employee by Employer employing Employee and entering into this Agreement, (iii) Employee's access to confidential information and trade secrets of the RHI Companies, and (iv) the value of such confidential information and trade secrets to the RHI Companies, for a period of twelve (12) months after the Termination Date (regardless of the reason for termination or whether such termination was by Employer or by the Employee), Employee agrees that Employee shall not use or disclose

---

[1] "[A]dmissions in an opposing party's pleadings are admissible evidence and can serve as a basis for summary judgment." *Barnes v. Hershey Co.* (N.D. Cal., Nov. 6, 2012) 2012 WL 5412031, at *2 (citing *Lockwood v. Wolf Corp.* (9th Cir.1980) 629 F.2d 603, 611.

any of Employer's trade secrets or other confidential information, to directly or indirectly, on behalf of any Competitor, Solicit the trade or patronage of any Customer or perform services for any Customer. The provisions of this Section shall survive termination of either Employee's employment or this Agreement for any reason.

[Exh. A to FAC (Dkt. #66-1), pp. 4-5.]

4. Paragraph 11 of the RHI Employment Agreement states:

11. <u>Non-solicitation of Other Employees</u>. In consideration and view of (i) Employee's position with the RHI Companies, (ii) the valuable consideration furnished to the Employee by Employer employing Employee and entering into this Agreement, (iii) Employee's access to confidential information and trade secrets of the RHI Companies, and (iv) the value of such confidential information and trade secrets to the RHI Companies, for a period of twelve (12) months after the Termination Date (regardless of the reason for termination or whether such termination was by Employer or by the Employee), Employee agrees that Employee shall not, directly or indirectly, at any time or for any reason, either alone or jointly, with or on behalf of others, whether as principal, partner, agent, representative, equity holder, director, employee, consultant or otherwise, Solicit any Other Employee to leave the employ of the RHI Companies, either for Employee's own account or for any other person, firm or company. The provisions of this Section shall survive termination of either Employee's employment or this Agreement for any reason.

[Exh. A to FAC (Dkt. #66-1), p. 5.]

5. Paragraph 7 of the RHI Employment Agreement defines "Customer" to mean:

[A]ny person, firm, entity, business or organization for whom any of the Applicable Offices performs or has

- 2 -

1 performed services in the course of its business within
2 the twelve months preceding the Termination Date.
3 [Exh. A to FAC (Dkt. #66-1), p. 3.]
4     6. Paragraph 7 of the RHI Employment Agreement defines "Solicit" as
5 follows:

> "Solicit" means soliciting, inducing, attempting to induce or assisting any other person, firm, entity, business or organization in any such solicitation, inducement or attempted inducement, in all cases regardless of whether the initial contact was by Employee, an Other Employee, or any other person, firm, entity, business or organization."

11 [*Id.*, p. 4.]
12     7. Paragraph 7 of the RHI Employment Agreement defines "Other
13 Employee" as follows:

> "Other Employee" means any individual (other than Employee) who is employed or engaged by an Applicable Office or was employed or engaged by an Applicable Office within the six months prior to Employee's Termination Date, whether as a regular employee, temporary employee or independent contractor.

19 [*Id.*, p. 3.]
20     8. Paragraph 14 of the RHI Employment Agreement states, in pertinent
21 part:

> 14. <u>Injunction</u>. In view of Employee's access to confidential information and trade secrets and in consideration of the value of such property to Employer and the other RHI Companies, Employee expressly acknowledges that the covenants set forth in Sections 9, 10, 10 and 13 are reasonable and necessary in order to protect and maintain the proprietary and other legitimate business interests of Employer and the other RHI Companies, and that the enforcement thereof would not prevent Employee from earning a livelihood. Employee

further agrees that in the event of an actual or threated breach by Employee of such covenants, Employer and the other RHI Companies would be irreparably harmed and the full extent of injury resulting therefrom would be impossible to calculate and Employer and the other RHI Companies therefore will not have an adequate remedy at law.  Accordingly Employees agrees that temporary and permanent injunctive relief would be appropriate remedies against such breach…

[*Id.*, p. 5.]

Dated:  October 5, 2015    **HILL, FARRER & BURRILL LLP**


By: */s/ Clayton J. Hix*
     CLAYTON J. HIX
     Attorneys for Defendants/
     Counterclaimants Eric Ainsworth, Lisa Aldava, Serena Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman

HFB 1577147.1 R8397002

- 4 -

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT