**HILL, FARRER & BURRILL LLP**
Neil D. Martin (SBN 094121)
  Email: nmartin@hillfarrer.com
Clayton J. Hix (SBN 236718)
  Email: chix@hillfarrer.com
William A. Meyers (SBN 266322)
  Email: wmeyers@hillfarrer.com
300 South Grand Avenue, 37th Floor
Los Angeles, California  90071-3147
Telephone:  (213) 620-0460
Fax:  (213) 624-4840

Attorneys for Defendants/Counterclaimants
Eric Ainsworth, Lisa Aldava, Serena Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HALF INTERNATIONAL, INC. a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>ERIC SHANE AINSWORTH, an individual; *et al*.,<br><br>          Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIM | CASE NO.  14-CV-2481 WQH(DHB)<br><br>**DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:          November 2, 2015<br>Judge:       Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................................................................................... 1

II. DISCUSSION ............................................................................................. 1

    A. Defendants' Motion Presents an Issue of Contract Interpretation; Further Discovery and Oral Argument is Not Necessary ..................... 1

    B. The Face of the FAC Demonstrates that RHI Seeks to Enforce Paragraphs 10 and 11 ........................................................................... 2

    C. Paragraph 11 is a No-Hire Provision, and it is Illegal ......................... 3

    D. There Are No Disputed Facts Germane to this Motion; Paragraph 10 is Illegal as a Matter of Law .......................................... 5

    E. Defendants Have Standing to Assert the UCL Claim ......................... 8

III. CONCLUSION ......................................................................................... 10

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aetna Bldg. Maintenance Co. v. West*
 (1952) 39 Cal.2d 198 ............................................................................................. 8

*Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.*
 (N.D. Cal. 2009) 630 F.Supp.2d 1084 ................................................................... 5

*Arkley v. Aon Risk Services Companies, Inc.*
 (C.D. Cal., June 13, 2012) 2012 WL 2674980, at *5 ........................................... 6

*Bank of America, N.A. v. Lee*
 (C.D. Cal., Sept. 22, 2008) 2008 WL 4351348, at *6 ........................................... 7

*Couch v. Morgan Stanley & Co., Inc.*
 (E.D. Cal., Aug. 7, 2015) 2015 WL 4716297, at *21 ...................................... 3, 6

*Dowell v. Biosense Webster, Inc.*
 (2009) 179 Cal.App.4th 564 ............................................................................. 6, 7

*Fortna v. Martin*,
 158 Cal.App.2d 634 (1958) ................................................................................... 9

*Kelton v. Stravinski*
 (2006) 138 Cal.App.4th 941 ................................................................................. 6

*Kolani v. Gluska*
 (1998) 64 Cal.App.4th 402 ................................................................................... 5

*Kwikset Corp. v. Superior Court*
 (2011) 51 Cal.4th 310 ....................................................................................... 8, 9

*Latona v. Aetna U.S. Healthcare Inc.*
 (C.D. Cal. 1999) 82 F.Supp.2d 1089 .................................................................... 6

*Loral Corp. v. Moyes*
 (1985) 174 Cal.App.3d 268 .................................................................................. 4

*New Method Laundry Co. v. MacCann*
 (1916) 174 Cal. 26 ................................................................................................ 9

*PSC Industrial Outsourcing, LP v. Kodysz*
 (E.D. Cal., July 3, 2013) 2013 WL 3354452, at *3 .......................................... 7, 8

*Retirement Group v. Galante*
 (2009) 176 Cal.App.4th 1226 ........................................................................... 7, 8

*Richmond Technologies, Inc. v. Aumtech Business Solutions*
 (N.D. Cal., July 1, 2011) 2011 WL 2607158, at *18 ........................................... 4

*Sunbelt Rentals, Inc. v. Victor*
 (N.D. Cal., Feb. 5, 2014) 2014 WL 492364, at *5 ............................................... 6

## STATUTES

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................................. 8

Civ.Code § 3426 ....................................................................................................... 8

DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF AUTHORITIES
## (continued)

**Page**

Fed. R. Civ. Proc. 56(e) ........................................................................................... 4

Fed. R. Civ. Proc. 56, 2010 ...................................................................................... 6

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

RHI's opposition ignores the point of this motion: RHI's paradoxical and overbroad definition of the term "solicit."

RHI's employment agreement defines the term to include conduct that is the antithesis of solicitation. The California Supreme Court has defined "solicit" as *asking* for the business of another. RHI defines it to also include *responding* to such a request.

No California court has upheld a restrictive covenant that bars a former employee from *responding* to an inquiry by a customer or current employee. The cases cited by RHI do not contemplate "non-solicitation" provisions as broad in scope as Paragraphs 10 and 11.

RHI's "disputed" facts do not change the Court's analysis. Whether Paragraphs 10 or 11 are, on their face, unlawful is a question of law. No amount of further discovery will change the terms of RHI's employment agreement. Paragraphs 10 and 11 are illegal on their face, and thus illegal as a matter of law.

Defendants' motion should be granted.

## II. DISCUSSION

### A. Defendants' Motion Presents an Issue of Contract Interpretation; Further Discovery and Oral Argument is Not Necessary

RHI asks the Court to defer ruling on the motion until it can complete discovery. This request demonstrates a misunderstanding of the issue raised in the motion—whether Paragraphs 10 and 11 are, on their face, unlawful. Whether Defendants actually breached those provisions is irrelevant. No amount of discovery will change the terms of RHI's employment agreement. RHI's Rule 56(d) request should be denied.

1    RHI also requests oral argument.  Defendants oppose the request because the
2    motion is based on a straightforward legal issue and because it appears to be made
3    in violation of Judge Hayes' Civil Pretrial Procedures.  Defendants are, of course,
4    happy to participate in oral argument at the Court's request.

### B. The Face of the FAC Demonstrates that RHI Seeks to Enforce Paragraphs 10 and 11

RHI ignores the face of its own complaint, arguing that it does not seek to enforce Paragraphs 10 and 11 of its employment agreement.[1]  [Opp., pp. 3-4.]  The Court previously rejected this claim.

In its opposition to Defendants' motion for leave to amend its counterclaim, RHI argued that the claim was futile because RHI is not attempting to enforce the provisions that are the subject of the claim.  [Dkt. #40, pp. 2-3.]  The Court allowed the claim to proceed.  [Dkt. #61, p. 4.]

It is impossible to reconcile RHI's position with the express allegations of its FAC.  In addition to expressly alleging breaches of Paragraph 11 by defendants Ainsworth and Hernandez [FAC, ¶¶ 97 and 120], RHI asks this Court to *permanently enjoin all Defendants* from breaching Paragraphs 10 and 11:

> [I]n the event of an actual or threatened breach of…Sections 9, 10, and 11, RHI would be irreparably harmed and RHI's remedy at law would be inadequate… RHI also seeks…preliminary and permanent injunctive relief against [Defendant].

[See FAC ¶¶ 61, 98, 112, 121, 147, and 165 (emphasis added).]  RHI cannot now argue that it does not seek to enforce those provisions when its operative pleading says otherwise.

---

[1] If RHI does not seek to enforce Paragraphs 10 and 11, why does it ask to conduct further discovery to defend against a motion directed at those provisions?

- 2 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    RHI submits the declaration of employee Cyndi Karapogosian, who testifies
2    that "RHI is not seeking to enforce" Paragraphs 10 or 11. [Dkt. #76-2, ¶15.] Ms.
3    Karapogosian's testimony does not make it so, nor does it trump the judicial
4    admissions in RHI's operative pleading and the remedies requested therein.

5    Finally, a restrictive covenant is unlawful regardless of whether the employer
6    ever attempts to enforce it. *Couch v. Morgan Stanley & Co., Inc.* (E.D. Cal., Aug.
7    7, 2015) 2015 WL 4716297, at *21 ("MSSBs use of the Non–Compete Clause was
8    unlawful… That MSSB did not attempt to enforce them does not change this
9    result.").

10   RHI's argument should be rejected, again.

### C. Paragraph 11 is a No-Hire Provision, and it is Illegal

13   RHI's opposition centers on Defendants' characterization of Paragraph 11 as
14   a "no-hire" provision. RHI focuses on the label of the provision, and not the
15   conduct that it prohibits.[2]

16   RHI misses the point, and fails to address the crux of Defendants' argument:
17   RHI's peculiar definition of the term "solicit." RHI defines "solicit" to include
18   *responding* to an inquiry. [UF, ¶ 6 ("…regardless of whether the initial contact was
19   by Employee…or any other person.").] The Court need not look further than RHI's
20   response to Defendants' Undisputed Material Fact #6 (which quotes RHI's
21   definition of "solicit" verbatim) to see how RHI tries to distance itself from the
22   terms of its own contract:

> Undisputed as to the language of the provision, but
> disputed as to: Defendants' mischaracterization of the
> definition of "Solicit" in RHI's Agreements.

[Dkt. #76-1, pp. 3-4.]

---

[2] See Opp., 6:26-28 (Defendants' cases "deal with no-hire provisions which are, again, different from employee non-solicitation provisions like Paragraph 11.").

- 3 -

There is no mischaracterization. Defendants quoted the definition of "solicit" directly from the agreement. Yet, RHI disputes the fact without any evidence. Fed. R. Civ. P. 56(e) ("If a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for the purposes of the motion").

RHI's definition takes Paragraph 11 out of the realm of the employee non-solicitation clauses at issue in *Thomas Weisel Partners*, *Sunbelt Rentals*, and other cases cited by RHI. [Opp., pp. 5-6.] Paragraph 11 is far broader than those provisions because it prevents a *current* RHI employee – even one who already expresses a desire to leave RHI – from contacting a former RHI employee regarding a job. Again, it is well established that a California employee cannot be prevented "from receiving and considering applications from employees of his former employer, even though the circumstances be such that he should be enjoined from soliciting their applications." *Loral Corp. v. Moyes* (1985) 174 Cal.App.3d 268, 279-80.

Unlike the type of employee non-solicitation provision that is considered "not void on its face," Paragraph 11 seeks to protect far more than the "raiding" of RHI's employees. Cf. *Loral Corp.* at 279.

Paragraph 11 is more like the restrictive covenants in *VL Systems*, *SriCom*, and *Richmond Technologies* – cases cited by Defendants but ignored by RHI. The court in *Richmond Technologies* invalidated a similar employee non-solicitation that – like Paragraph 11 – applied "regardless of whether [defendant] initiated the contact." *Richmond Technologies, Inc. v. Aumtech Business Solutions* (N.D. Cal., July 1, 2011) 2011 WL 2607158, at *18 (adding, "California law simply does not countenance such broad restraints on competition.").

Paragraph 11 is perhaps even broader than these provisions in two respects: (1) it prevents former RHI employees from not only *hiring* current employees, but also "assisting" them as they look for work; and (2) it extends the prohibition to

- 4 -

inquiries from *former* RHI employees looking for work.

It is of no consequence that, according to RHI, "that is not what happened here." [Opp., 7:25-26.] Paragraph 11 is either illegal on its face or it isn't. The question is one of law. To argue that the provision should not be invalidated because some of that conduct did not occur here (a) completely undermines RHI's reliance on a recent state court order purportedly upholding the validity of Paragraph 11;[3] and (b) is akin to an improper demand for a narrowing construction by the Court. *Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 405 ("A broad covenant not to compete cannot be saved from illegality by narrowed construction."); *Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.* (N.D. Cal. 2009) 630 F.Supp.2d 1084, 1091 ("The Court is not permitted to apply any narrowing construction to limit the application of the Assignment Clause to confidential information…").

RHI implicitly asks this Court to narrow the scope of Paragraph 11 so that it encompasses solely the facts of this case. RHI cannot ignore – or ask the Court to re-write – its own contractual language. It cannot ignore the broad definition of the term "solicit," nor the resulting expansive scope of Paragraph 11. Paragraph 11 goes far beyond what is necessary to protect RHI's legitimate business interests, and is therefore illegal.

### D. There Are No Disputed Facts Germane to this Motion; Paragraph 10 is Illegal as a Matter of Law

RHI proffers a number of additional undisputed facts supporting the idea that Defendants misappropriated trade secrets and confidential information. For purposes of this motion only, Defendants do not dispute these "facts."[4] The sole

---

[3] The state trial court order did not uphold the validity of Paragraph 11, and RHI's reliance thereon should be disregarded for additional reasons, as discussed in Defendants' opposition to RHI's request for judicial notice.

[4] Defendants expressly reserve the right to dispute these "undisputed facts"

- 5 -

issue in the motion is whether Paragraphs 10 and 11 are unlawful. Whether Defendants actually breached those covenants is irrelevant.

RHI's focus on the so-called "trade secret exception" to section 16600 is misplaced. Even assuming arguendo that the so-called trade secret exception exists, a court still determines the validity of a non-solicitation clause as a matter of law. See, e.g., *Dowell v. Biosense Webster, Inc.* (2009) 179 Cal.App.4th 564, 577 ("We conclude that the trial court properly determined that the clauses were void as a matter of law…"); *Kelton v. Stravinski* (2006) 138 Cal.App.4th 941, 949 ("[B]ecause the covenant not to compete is unenforceable as a matter of law, additional evidence would not have affected the outcome of the summary judgment/summary adjudication motion.").[5]

RHI cites to *Sunbelt Rentals, Inc. v. Victor* (N.D. Cal., Feb. 5, 2014) 2014 WL 492364, at *5 for the proposition that whether the trade secret exception applies "is a highly factual analysis." [Opp., 10:16-21.] Wrong. The *Sunbelt* court held that determining whether a particular customer list "is protectable under the UTSA is fact-specific." *Id.*, at *5 (emphasis added). The *Sunbelt* court did not conduct any factual analysis concerning the validity of the customer non-solicitation provision at issue. Rather, the *Sunbelt* court held that the customer non-solicitation provision was void and unenforceable under section 16600 *as a matter of law*. *Id.* at *9 ("Indeed, under the terms of section 5.2(iii), Victor is prohibited

---

in other proceedings. Fed. R. Civ. Proc. 56, 2010 Advisory Committee Notes ("The fact is considered undisputed only for purposes of the motion…").

[5] See also, *Couch v. Morgan Stanley & Co., Inc.* (E.D. Cal., Aug. 7, 2015) 2015 WL 4716297, at *21 (finding on summary judgment that employer's use of non-compete was unlawful under California law); *Arkley v. Aon Risk Services Companies, Inc.* (C.D. Cal., June 13, 2012) 2012 WL 2674980, at *5 (granting summary judgment in favor of plaintiff employees and holding, "The covenants not to compete are void and unenforceable. An employer's use of an illegal noncompete agreement also violates the UCL. Plaintiffs are entitled to judgment as a matter of law on this claim."); *Latona v. Aetna U.S. Healthcare Inc.* (C.D. Cal. 1999) 82 F.Supp.2d 1089, 1093 (factual analysis of trade secret issues is "secondary to [determination of] facial validity.").

- 6 -

1 from soliciting the customer, even if it no longer does business with
2 Sunbelt…[T]he Agreement's restriction on Victor's ability to solicit Sunbelt's
3 customers is unenforceable under section 16600")

4     RHI then cites to *Bank of America, N.A. v. Lee* (C.D. Cal., Sept. 22, 2008)
5 2008 WL 4351348, at *6 for the proposition that the trade secret exception
6 "remains intact after *Edwards v. Arthur Anderson LLP*." [Opp., 17:19-21.] But
7 that 2008 district court decision stands in sharp contrast to subsequent case law to
8 the contrary. See, e.g., *Dowell*, *supra*, 179 Cal.App.4th at 577 ("we doubt the
9 continued viability of the common law trade secret exception to covenants not to
10 compete."); *Retirement Group v. Galante* (2009) 176 Cal.App.4th 1226, 1238
11 (refusing to recognize the existence of a "judicially-created 'exception' to section
12 16600's ban on contractual nonsolicitation clauses…"); *PSC Industrial*
13 *Outsourcing, LP v. Kodysz* (E.D. Cal., July 3, 2013) 2013 WL 3354452, at *3
14 ("California courts have expressed skepticism that there is a common law 'trade
15 secret exception' to section 16600.").

16     Notably, RHI has not cited a single case subsequent to 2008 that has upheld a
17 restrictive covenant on the basis of the trade secret exception.[6] And as noted in
18 Defendants' motion, RHI attempts to *extend* the dubious trade secret exception to
19 include a "confidential information exception."

20     As Defendants discussed in their moving papers, to the extent a trade secret
21 exception exists, it does not apply to *contract*. It just means that a court can enjoin
22 an employee from *tortious* misuse of trade secrets as an independent wrong:

23
24 > [S]ection 16600 bars a court from specifically
> enforcing…a <u>contractual</u> clause purporting to ban a
25 > former employee from soliciting former customers…but
> a court may enjoin <u>tortious</u> conduct (as violative of either

---

[6] See Opp., 17:18-25. RHI's cited case law is from 1958 (*Gordon*), 1987 (*John F. Matull*), 2001 (*Merrill Lynch*), 2005 (*Allied*), and 2008 (*Bank of America* and *Lillge*).

- 7 -

        the Uniform Trade Secrets Act (Civ.Code § 3426 et seq.)
        and/or the unfair competition law…

*PSC Industrial*, 2013 WL 3354452, at *3 (quoting *Retirement Group* at 1233) (emphasis in original).

    Finally, RHI has cited no case law upholding a customer nonsolicitation covenant with a definition of "solicit" as expansive as RHI employs. RHI has cited no case validating a provision that forbids an employee from *responding* to unsolicited requests by customers to do business. Nor does RHI explain how its trade secrets or confidential information could be in jeopardy if the customer reaches out to the former employee and asks to do business.

    In each decision cited by RHI, the provision at issue contemplates the employee affirmatively targeting his former employer's customers. That is the definition of "solicitation" as defined by the California Supreme Court. *Aetna Bldg. Maintenance Co. v. West* (1952) 39 Cal.2d 198, 204 ("Equity will not enjoin a former employee from <u>receiving</u> business from the customers of his former employer, even though the circumstances be such that he should be prohibited from *soliciting* such business… such acceptance, by itself, did not constitute solicitation."). RHI's definition of "solicit" goes beyond that, and in doing so violates section 16600.

### E.    Defendants Have Standing to Assert the UCL Claim

    RHI contends that Defendants lack standing to assert their claims under California's unfair competition law pursuant to *Cal. Bus. & Prof. Code* § 17200, *et seq*. (the "UCL"). This argument has no merit.

    The California Supreme Court's decision in *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310 is the seminal case on UCL standing. "If a party has alleged or proven a personal, individualized loss of money or property in any nontrivial amount, he or she has also alleged or proven injury in fact." *Id*. at 326. The Court

- 8 -

explained the ways in which the "lost money or property" requirement may be satisfied:

> There are <u>innumerable</u> ways in which economic injury from unfair competition may be shown. A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) <u>have a present or future property interest diminished</u>; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) <u>be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary</u>.

*Kwikset Corp.*, *supra*, 51 Cal. 4th at 323 (emphasis added).

California recognizes a person's right to pursue a business or profession as a property right. See e.g., *New Method Laundry Co. v. MacCann* (1916) 174 Cal. 26, 31 ("This right of a citizen to pursue any calling, business, or profession he may choose <u>is a property right to be guarded by equity as zealously as any other form of property</u>…'<u>Labor is property</u>. The laborer has the same right to sell his labor, and to contract with reference thereto, as any other property owner'") (emphasis added); *Fortna v. Martin*, 158 Cal.App.2d 634 (1958) ("Every individual possesses <u>as a form of property</u>, the right to pursue any calling, business or profession he may choose") (emphasis added).

Defendants have standing based on the nature of this lawsuit. RHI seeks to enforce unlawful provisions in its employment agreements with Defendants. The UCL claim is based on the unlawful terms in that agreement, which Defendants signed as a condition of their employment. [UF, ¶ 2.] Defendants' property rights were diminished when they were required to sign the agreement containing unlawful provisions restricting their ability to pursue their trade, and when RHI subsequently filed this lawsuit seeking to enforce those provisions. Defendants suffered personal economic injuries in the form of diminished property rights, and thus have standing to bring their UCL claim.

DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

Also, RHI contends the UCL claim is moot because Paragraphs 10 and 11 expired. This argument makes no sense. RHI filed and is maintaining this lawsuit based in part on Paragraphs 10 and 11. Moreover, RHI could hypothetically file a new lawsuit in the future based on presently unknown conduct occurring before the agreement expired. The claim is not moot until the court declares the provisions unlawful and enjoins RHI from enforcing them.

### III.  CONCLUSION

For the foregoing reasons, Defendants request that the Court grant partial summary judgment for Defendants on each of RHI's claims for relief.

Dated: October 26, 2015           **HILL, FARRER & BURRILL LLP**

By: */s/ Clayton J. Hix*
CLAYTON J. HIX
Attorneys for Defendants Counterclaimants Eric Ainsworth, Lisa Aldava, Serena Greenwood, Ruben Hernandez, Jr., Deana Schweitzer, and Catherine Sherman

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HFB 1584852.3 R8397002